**UNITED STATES of America,**
**Appellee,**

v.

**Wellman Tufts BARNES, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Frank KNOX, Appellant.**
**Nos. 24786, 24956.**

United States Court of Appeals,
Ninth Circuit.

Sept. 8, 1970.

**90**

G. Dennis Adams (argued), San Diego, Cal., for Frank Knox.

Alvin S. Michaelson (argued), Los Angeles, Cal., for Wellman Tufts Barnes.

Harry D. Steward, U. S. Atty., Phillip W. Johnson and Kevin J. McInerney, Ass't U. S. Attys., San Diego, Cal., for appellees.

Before HAMLEY and MERRILL, Circuit Judges, and THOMPSON, District Judge.*

PER CURIAM:

Upon trial without a jury before the United States District Court for the Southern District of California, Wellman Tufts Barnes was found guilty of smuggling marihuana in violation of 21 U.S.C. § 176(a). At a previous trial without a jury and before the same court, Frank Knox was found guilty of aiding and abetting Barnes in the smuggling of marihuana in violation of 21 U.S.C. § 176(a) and 18 U.S.C. § 2. Their respective appeals were consolidated for argument and disposition.

Both defendants assert that the trial court erred in denying their respective motions to suppress, and in receiving into evidence their incriminating statements.

On February 11, 1968, Barnes entered the United States from Mexico at Calexico, California. He was driving a Volkswagen Microbus and was accompanied by the owner of the bus, Michelle Ann Trosello. At the Calexico Port of Entry customs house, the bus was searched and found to contain a large quantity of marihuana. Barnes then fled the scene but was apprehended soon thereafter and was returned to the customs office.

A further search of the bus revealed three Mexican tourist visas, one for Barnes, one for Miss Trosello and a third for Knox. On the basis of information obtained from Miss Trosello, and from the description on Knox' visa, the customs agents were able to locate Knox in Calexico. They then arrested Knox and took him to the customs office.

Knox was immediately advised of his privilege against self-incrimination and of his right to have an attorney. Agent Richenberger testified that Knox refused

---

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

to answer any questions and refused to sign a written waiver of his constitutional rights. Another agent, Agent Quick, then spoke with Knox but Knox again refused to discuss the offense charged. Appellant Barnes was advised of his rights by Agent Moore, who was attempting to question Barnes about the smuggling offense. Barnes, however, indicated that he did not wish to speak to the authorities and Moore discontinued his interrogation.

Miss Trosello, on the other hand, had told the agents of her participation in a joint venture with Knox and Barnes to smuggle the marihuana. Agents Moore and Quick therefore brought her into a room with Knox and Barnes, after they had refused to talk, and asked her to repeat her confession. Their purpose in doing so, Moore testified, was to have Knox and Barnes confirm or deny Miss Trosello's statement. After she repeated her confession, the agents asked Knox and Barnes, "What about it, is this true or not?" Thus confronted with their companion's statement and questioned as to its truth or falsity, Knox and Barnes admitted their participation in the smuggling venture.

Defendants assert that these admissions should have been excluded from their trials on the ground that they were obtained in violation of their constitutional rights; that is, they were made during interrogation which occurred after defendants had refused to answer any further questions about the alleged offenses.

We agree. The rule was established in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) that if the defendant " * * * indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no question. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him." *Id.* at 444–445, 86 S.Ct. at 1612.

The evidence in this case is uncontroverted that both Knox and Barnes had specifically indicated that they did not wish to be interrogated further. Each refused to sign a waiver of his constitutional rights and that refusal was noted by the authorities. Thus, the subsequent confrontation with Miss Trosello and the interrogation that followed, for the obvious purpose of getting defendants to abandon their self-imposed silence, were in flagrant violation of the rule as set forth in *Miranda*. We hold that the district courts erred in admitting into evidence the incriminating statements made by the defendants during this illegal interrogation.

Reversed.