UNITED STATES of America, Plaintiff-Appellee,

v.

David Marshall OLOF, Defendant-Appellant.

No. 73–1078.

United States Court of Appeals, Ninth Circuit.

Dec. 31, 1975.

James M. McCabe (argued), Deutsch, Parziale & McCabe, San Diego, Cal., for defendant-appellant.

E. MacAmos, Jr., Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

## OPINION

Before BROWNING and ELY, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

We reversed appellant's conviction on the ground that evidence admitted at his trial was obtained in a search in violation of the rule of *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). The Supreme Court later held the rule of *Almeida-Sanchez* was to be applied prospectively only. *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975). The search of appellant's van antedated *Almeida-Sanchez*. We therefore granted the government's petition for rehearing.

Appellant also argued that reversal was required because of the admission of a statement taken from appellant in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We agree.

Appellant was arrested and advised of his rights under *Miranda*. He refused to make a statement. Three hours later he was again interviewed, while still in custody and handcuffed. One of the two agents present knew of appellant's prior refusals to give a statement. He was again advised of his *Miranda* rights. The interviewing agent urged appellant to cooperate and told him his cooperation would be called to the attention of the United States Attorney. (A permissible tactic, "standing alone," at least when employed prior to an initial refusal. *United States v. Glasgow*, 451 F.2d 557, 558 (9th Cir. 1971).) The interrogating agent then confronted appellant with a description of federal prison. The interrogating agent's version was that appellant was told that prison was a "dark place," where they "pump[ed] air" to the prisoners. Appellant's version was that he was told that unless he cooperated he would be put in a concrete room and air would be pumped to him through a pipe. The interrogation then proceeded, and appellant gave the statement admitted against him.

There were two hearings. Appellant and the interrogating agent testified at the first hearing. The trial court concluded that appellant's story regarding the implied threat was false. The motion to suppress was later renewed. The second agent testified at this hearing, corroborating appellant's story to the extent indicated above. The trial judge again denied the motion to suppress, stating, "I can't find that the statement wasn't voluntarily made." The trial judge later said he was "thinking, very seriously, of throwing out the statement . . . . It's awfully close based upon [the] record."

We conclude that the statement should have been suppressed. Appellant had indicated his desire to exercise his Fifth Amendment rights. Since the interrogation nonetheless continued and a statement was taken, the question is whether the government discharged its "heavy burden . . . to demonstrate that the defendant knowingly and intelligently waived his privilege . . . ." *Miranda v. Arizona, supra*, 384 U.S. at 475, 86 S.Ct. at 1628. The government did not carry that burden. The agents did not reinterview appellant "for the limited purpose of finding out whether the suspect has changed his mind." *United States v. Jackson*, 436 F.2d 39, 41 (9th Cir. 1970). Appellant was confronted with the description of unpleasantness of prison "for the obvious purpose of getting [appellant] to abandon [his] self-im-

---

* Honorable Gus J. Solomon, United States Senior Judge, District of Oregon, sitting by designation.

posed silence . . . in flagrant violation of . . . Miranda." *United States v. Barnes*, 432 F.2d 89, 91 (9th Cir. 1970).

The Supreme Court's recent decision in *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), is not to the contrary. Under *Mosley*, the test for "the admissibility of statements obtained after the person in custody has decided to remain silent depends under *Miranda* on whether his 'right to cut off questioning' was 'scrupulously honored.'" *Michigan v. Mosley, supra*, at 326. The Court specified that *Mosley* was

> . . . not a case, therefore, where the police failed to honor a decision of a person in custody to cut off questioning, either by refusing to discontinue the interrogation upon request or by persisting in repeated efforts to wear down his resistance and make him change his mind. In contrast to such practices, the police here immediately ceased the interrogation, resumed questioning only after the passage of a significant period of time and the provision of a fresh set of warnings, and restricted the second interrogation to a crime that had not been a subject of the earlier interrogation.

*Id.* In this case. Olof's right to cut off questioning was not "scrupulously honored." The two interrogations were based on the same crime and the object of the second interrogation was to wear down Olof's resistance and make him change his mind.

Reversed.