**UNITED STATES of America, Appellee,**

v.

**Clora Ann PATTERSON, Appellant.**

**No. 77–1041.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 29, 1977.

Decided May 3, 1977.

Rehearing Denied May 20, 1977.

Daniel P. Reardon, Jr., St. Louis, Mo., on brief, for appellant.

Barry A. Short, U. S. Atty., and Richard A. Heidenry, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Clora Ann Patterson stands convicted of attempted bank robbery under 18 U.S.C. § 2113(d). The sole question presented on this appeal is whether the admission of a .22 caliber revolver and Patterson's beige vinyl jacket violated the appellant's fourth amendment rights. We find that the revolver and jacket were properly admitted and affirm the conviction.

On September 27, 1976, a black female entered the Roosevelt Federal Savings and Loan Association in Jennings, Missouri and, at gun point, presented the teller with a paper bag and note which read: "This is a stick-up. Put the money in the bag. Don't panick (sic) and no one will get hurt." After the teller triggered an alarm, the would-be robber exited the bank. At trial, two government witnesses who observed the incident identified Ms. Patterson as the person who attempted to rob the savings and loan association.

The revolver and jacket were seized under the following circumstances. On the evening of the robbery, the state police received a tip from an anonymous informant that Ms. Patterson was the person who attempted the robbery. The informant identified Ms. Patterson's place of residence in Berkeley, Missouri. The state police and Agent Symonds of the FBI went to the appellant's residence the next morning. The officers knocked on the door and encountered William Patterson, the appellant's husband. The officers displayed a bank surveillance photo of the robber to Mr. Patterson and Agent Symonds requested to talk to Ms. Patterson about the attempted

robbery. Mr. Patterson stated that his wife was not home, but he agreed to allow the officers to come in and discuss the incident. One of the state detectives then asked Mr. Patterson whether there were any firearms in the house. Patterson admitted he had a gun and led the officers to a closet in a rear bedroom where he pointed out the .22 caliber revolver which was seized. Contemporaneously, one of the detectives saw a beige vinyl jacket on the other side of the closet. The surveillance photo indicated that the jacket in the closet was identical to the jacket worn by the attempted robber.[1] Mr. Patterson was requested to open the other side of the closet, which he did, and the jacket was seized. Ms. Patterson was arrested approximately two hours later when she came home.

In *United States v. Matlock*, 415 U.S. 164, 170, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974), the Supreme Court stated:

> * * * [T]he consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared.

*Cf. United States v. Kelly*, 551 F.2d 760 at 764 (8th Cir. 1977). The consent must be "voluntary" and the prosecution has the burden of proving voluntariness. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Whether consent was voluntarily given is a question of fact to be determined from the totality of the circumstances. *Id.* at 227, 93 S.Ct. 2041.

It is clear beyond cavil that the evidence was properly admitted under the consent exception to the fourth amendment. Mr. Patterson indisputably had common authority over the home, bedroom and closet wherein the revolver and jacket were found. *See United States v. Matlock, supra*, 415 U.S. at 169–170, 94 S.Ct. 988. Mr. Patterson himself testified that he led the agents to a bedroom closet shared by the defendant and her husband, and assisted in the gathering of the incriminating evidence. There is no indication that Mr. Patterson's cooperation was coerced, either expressly or impliedly. The voluntariness of the consent was thus established.

We reject the appellant's argument that the officers should have procured an arrest or search warrant before going to the Patterson home. The presentation of probable cause to a magistrate is not necessary to support a consent search; voluntary consent by a person who possesses common authority over the premises to be searched is all that is necessary. *United States v. Matlock, id.*, 415 U.S. at 170, 94 S.Ct. 988. Indeed, as the Court stated in *Schneckloth v. Bustamonte, supra*, 412 U.S. at 227, 93 S.Ct. at 2048:

> In situations where the police have some evidence of illicit activity, but lack probable cause to arrest or search, a search authorized by a valid consent may be the only means of obtaining important and reliable evidence. (Footnote omitted.)

The judgment of conviction is accordingly affirmed.

---

1. The jacket had a distinctive ink mark on the left lapel which was visible in the surveillance photo.