**UNITED STATES of America, Appellee,**

v.

**Marvin J. FINCH, Appellant.**

**No. 77–1148.**

United States Court of Appeals, Eighth Circuit.

Submitted June 27, 1977.

Decided June 30, 1977.

Daniel P. Reardon, Jr., St. Louis, Mo., on the brief for appellant.

Barry A. Short, U. S. Atty., and Frederick R. Buckles, Asst. U. S. Atty., St. Louis, Mo., on the brief for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Marvin J. Finch appeals from his conviction on a one-count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a) and (d). We affirm.

On the afternoon of November 15, 1976, a lone armed man robbed the St. Louis Federal Savings and Loan in Richmond Heights, Missouri, of about $2,483.80. Two employees of the bank saw the robber enter a green Maverick automobile on the passenger side, and two other individuals obtained the license number of the automobile. St. Louis police officers discovered that the automobile was registered to Marvin J. Finch and Lad Finch at 3428 Indiana in St. Louis, Missouri. Police officers went to that address and arrested appellant, Ms. Ladon Ail, and Mr. George Rippley.

FBI Agent Benjamin Cagle questioned Ladon Ail and ascertained that she and appellant resided at 3428 Indiana. Ladon Ail then signed a consent to search form for the residence and the Maverick automobile. A search of the residence led to the discovery of a .22 caliber pistol and a large quantity of cash, some of which was "bait money" taken during the robbery. Appellant and Rippley were then taken to the Third District Police Station in St. Louis.

At about 8:25 p.m. on November 15, 1976, FBI Special Agents Lindsey and Bender attempted to interview appellant. After being advised of his *Miranda* rights, he refused to make a statement, and the interview terminated. On the afternoon of November 16, 1976, appellant was taken into federal custody by FBI agents and taken to the office of the United States Marshal. He was again advised of his *Miranda* rights, signed an acknowledgement of rights form, and was interviewed by Special Agent Carl Schultz. During the interview, he gave two statements, the second of which implicated him and Rippley in the robbery. Motions to suppress the evidence and the incriminating statements were denied by the District Court.[1] A jury trial resulted in a verdict of guilty and appellant was sentenced to twelve years imprisonment.

On this appeal appellant alleges that the District Court erred in admitting the evidence discovered during the search of the residence and in admitting the second incriminating statement.

*The Search*

The evidence taken from the apartment was found in a dresser drawer, in a purse in a closet, and in a vacuum cleaner in the middle of the bedroom. It is clear from the testimony that Ladon Ail shared the apartment with appellant and that she had full and complete access to, and common authority over, all parts of the apartment. Moreover, the record amply supports the District Court's finding that Ladon Ail free-

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

ly and voluntarily consented to the search. In these circumstances, her consent was valid, and the evidence was properly admitted. *See, e. g., United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. Patterson,* 554 F.2d 852 (8th Cir. 1977).

### The Statement

■ Appellant contends that his request to cease his interview on November 15 rendered his statement of November 16 involuntary under *Miranda v. Arizona,* 384 U.S. 436, 473–74, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We disagree.

Appellant, in effect, asks us to adopt a *per se* rule that all interrogation must be prohibited after a suspect has once asserted his right to remain silent. The Supreme Court rejected such a mechanical approach in *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975):

> [A] blanket prohibition against the taking of voluntary statements or a permanent immunity from further interrogation, regardless of the circumstances, would transform the *Miranda* safeguards into wholly irrational obstacles to legitimate investigative activity, and deprive suspects of an opportunity to make informed and intelligent assessments of their interests.

*Id.* at 102, 96 S.Ct. at 325. The Court then said that admissibility of statements made after the suspect has decided to remain silent depends upon whether his right to cut off questioning was "scrupulously honored." *Id.* at 104, 96 S.Ct. 321. The Court found that Mosley's right to cut off questioning had been scrupulously honored. This finding was based on a number of factors, including:

> [T]he police here immediately ceased the [initial] interrogation, resumed questioning only after the passage of a significant period of time [two hours] and the provision of a fresh set of [*Miranda*] warnings, and restricted the second interrogation to

a crime that had not been the subject of the earlier interrogation.

*Id.* at 106, 96 S.Ct. at 327.

All but one of these factors are present in the instant case. Agents Bender and Lindsey immediately ceased the initial interrogation after appellant refused to make a statement, and they did not attempt to persuade appellant to reconsider or to resume the interrogation. More than 20 hours passed between the initial interrogation at the St. Louis Police Station and the subsequent interrogation at the United States Marshal's office. Prior to the second interview, appellant was again given his *Miranda* rights and he signed an acknowledgement of rights form. The only factor present in *Mosley* that is not present here is that the subsequent interrogation involved the same crime as the initial interrogation. Appellant contends that this factual difference renders *Mosley* inapposite. Again, we disagree.

The ultimate teaching of *Mosley* is that a statement made following an earlier exercise of the right to remain silent is admissible only if the prior exercise of the right to cut off questioning was "scrupulously honored." That the subsequent interrogation referred to a separate crime is only one factor to consider. Taking into account all the factors in this case, including the fact that the 20 hour interval evidences more than a pretextual compliance with *Miranda,* we are convinced that appellant's right to cut off questioning was scrupulously honored and that the record supports the conclusion that the Government sustained its "heavy burden" of showing that the statement was voluntary. *Miranda v. Arizona, supra,* 384 U.S. at 475, 86 S.Ct. 1602.

The judgment of conviction is affirmed.