Cornell **JACKSON**, Appellant,

v.

Donald W. **WYRICK**, Warden, Appellee.

No. 83–1716.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1984.

Decided March 29, 1984.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Ray Conrad, Federal Public Defender, W.D. Mo., Kansas City, Mo., for appellant.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

HEANEY, Circuit Judge.

Cornell Jackson was convicted of murdering a prison guard and received a 99 year sentence to be served consecutively to the sentence he was then serving. His conviction was affirmed by the Missouri Court of Appeals. *State v. Jackson*, 555 S.W.2d 355 (Mo.App.1977). Jackson filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Missouri. The district court denied the petition, and from that denial Jackson now brings this appeal.

The prison guard was murdered in the Missouri State Penitentiary on January 20, 1975. On February 11, 1975, a group of investigators interviewed Jackson at about 7:40 p.m. The officers advised Jackson of his rights; he refused to sign a rights waiver form or to make any statements. On February 12, the investigators again questioned Jackson, from 7:55 p.m. to 9:30 p.m. This time he signed a rights waiver form, but he did not give any statements implicating his involvement in the murder. The record reflects that the interrogating officers subsequently questioned another prisoner, George Williams, who implicated Jackson in the killing. The investigators returned to question Jackson at 12:35 a.m. on the morning of February 13. At this session Jackson made a statement confessing to the killing. The officers unsuccessfully tried to tape record the statement; at 10:20 a.m. later in the morning of February 13, Jackson again gave this statement, and it was recorded.

Jackson contends that his confession was obtained in violation of his *Miranda* rights: (1) that the interrogating officers beat him and threatened to take his life during several of the later interrogations, (2) that they failed to give him a *Miranda* warning on one occasion, and (3) that he was subjected to repeated rounds of interrogation notwithstanding his earlier refusal to give a statement.

Under section 2254, we are constrained on habeas review to presume state court factual findings to be correct, unless the petitioner establishes that there was a deficiency in the state court factfinding procedures. 28 U.S.C. § 2254(d)(1)–(8). In this case, both the state trial and appellate courts, and the federal district court found, that Jackson had not been beaten. And, although the state appellate court found that Jackson had not been given a *Miranda* warning before the 12:35 a.m. interview on February 13, the federal district court

found to the contrary, based upon testimony by the officers that a warning had been given for each session, and upon the introduction of a rights waiver form they testified had been signed by Jackson at the time of this interview. After a careful review of the record, we do not find a basis for overturning these factual determinations.

■ The repeated interrogations do, however, raise an important issue under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). *Miranda* prescribed safeguards designed to address police coercion in the interrogation of a suspect in custody. 384 U.S. at 444, 86 S.Ct. at 1612. *Mosley* went further in prescribing several factors relevant to determining whether a defendant's right to cut off questioning has been "scrupulously honored" if the police renew interrogation. These factors are: a) whether the police immediately ceased the interrogation upon defendant's request, b) whether they resumed questioning only after the passage of a significant period of time and provided fresh *Miranda* warnings, and c) whether they restricted later interrogation to a crime that had not been the subject of the first interrogation. *Michigan v. Mosley, supra,* 423 U.S. at 106, 96 S.Ct. at 327.

■ Repeated interrogation despite the defendant's refusal to give a statement can violate *Miranda,* even where new warnings are given each time. As the Fifth Circuit Court of Appeals recognized in *United States v. Hernandez,*

> The more times police inform a suspect of his rights in the face of his repeated invocation of one of these rights—the right to remain silent—the clearer it becomes that the police must not mean what they say. This is exactly the type of subtle coercive pressure which the *Miranda* opinion condemned.

574 F.2d 1362, 1368 (5th Cir.1978). *Hernandez* involved police questioning of a defendant in which they gave *Miranda* warnings on up to four occasions and he repeatedly invoked his right to silence.

The court found that the police had not immediately ceased the interrogation once Hernandez invoked his right to remain silent. Further, they did not let a significant period of time pass before resuming questioning, and their interrogation continued to focus on a single crime. Under these circumstances, the court concluded the police did not scrupulously honor his right to cut off questioning, and thus his confession should have been suppressed. *Id.*

The Ninth Circuit has found that police officers failed to respect a defendant's right to halt questioning where there were only two interrogating sessions, and *Miranda* warnings had been provided each time. *United States v. Olof,* 527 F.2d 752 (9th Cir.1975). In *Olof,* the police resumed questioning concerning the same crime after only three hours, and confronted the defendant with a description of prison as a "dark place" where they "pump air to the prisoners." *Id.* at 753. Intolerant of such tactics, the court held that under the *Mosley* criteria, Olof's right to cut off questioning had not been scrupulously honored, and his conviction had to be reversed. The two interrogations concerned the same crime, and "the object of the second interrogation was to wear down Olof's resistance and make him change his mind." *Id.* at 754.

We note that in *United States v. Finch,* 557 F.2d 1234, 1236 (8th Cir.), *cert. denied,* 434 U.S. 927, 98 S.Ct. 409, 54 L.Ed.2d 285 (1977), our Circuit applied the *Mosley* criteria, and found no effort to wear down the defendant's resistance, and thus concluded that his right to cut off questioning had been scrupulously honored. There the police immediately ceased questioning once Finch refused to make a statement. There was no evidence of an effort to persuade him to change his mind. The officers waited for more than 20 hours until approaching him again, with fresh *Miranda* warnings, at which time he signed a rights acknowledgment form. Even though this second interrogation concerned the same crime as the first, our Court held that his confession at the latter interrogation was voluntary. *Id.* at 1236.

In the instant case, the officers ceased questioning when Jackson refused to give a statement. In fact, there is no indication that Jackson made more than a single request that the questioning not continue. The officers allowed a significant period of time, twenty-four hours, to pass before they approached him again. Although each of the interrogations concerned the murder of the prison guard, this factor alone is not sufficient to find a violation of Jackson's *Miranda* rights under *Mosley*. *United States v. Finch, supra,* 557 F.2d at 1235. Unlike the *Hernandez* and *Olof* cases, there is no evidence in the record as we must view it to suggest that the officers attempted to induce Jackson not to invoke his right to remain silent. *Cf. Stidham v. Swenson,* 506 F.2d 478, 479 (8th Cir.1974), *reheard en banc and remanded for further hearings,* 506 F.2d 488, *cert. denied,* 429 U.S. 941, 97 S.Ct. 358, 50 L.Ed.2d 311 (1976). Absent evidence of such attempted persuasion, it was proper to deny Jackson's petition. The judgment of the district court is therefore affirmed.