465 So.2d 1384 (1985)
STATE of Florida, Appellant,
v.
Deamous ISAAC, Appellee.
No. 84-355.
District Court of Appeal of Florida, Second District.
March 29, 1985.
*1385 Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellant.
Richard M. Fuller of James R. Long, P.A., Fort Myers, for appellee.
OTT, Judge.
The state appeals an order suppressing incriminating statements made by appellee to police officers.[1] We reverse in part. Appellee, a suspect in a stabbing incident, was apprehended near the scene of the crime by Officer Horne. According to the police "subject description sheet" contained in the record, this occurred at 6:15 a.m. Officer Horne promptly advised appellee of his Miranda rights. Appellee indicated his desire to remain silent, but he did not request a lawyer.
Horne transported appellee to a hospital for treatment of a gunshot wound. While at the hospital, appellee made gratuitous statements to Horne. The appellee has conceded that these statements to Horne are admissible. Consequently, we interpret the trial court's somewhat ambiguous order to conform with this concession.
Sergeant Baroni assigned Detective Roxburgh to question appellee at the hospital. Upon arriving there, Roxburgh was advised by Horne of appellee's desire to remain silent. Horne also related to Roxburgh the gratuitous statements made by appellee.
Roxburgh entered appellee's room. Appellee was employed as a probation officer at that time and had formerly served on the police force with Roxburgh. Roxburgh told appellee that Sergeant Baroni had asked Roxburgh to talk to appellee and that he (Roxburgh) had little knowledge about the incident. Roxburgh acknowledged that appellee had earlier been advised of his rights and had invoked his right to remain silent. Appellee agreed to tell Roxburgh what had occurred.
Roxburgh presented appellee with a Miranda waiver form. He explained that *1386 even though the two had worked together as police officers and appellee had advised persons of Miranda rights on many occasions, Roxburgh needed to be sure appellee read, understood, and waived his rights. Roxburgh testified that appellee appeared to read the form, said he understood, and signed it. This took place at 7:40 a.m. Appellee then made inculpatory statements to Roxburgh. The trial court suppressed these statements.
In Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), the court held that when a suspect asserts his right to remain silent law enforcement officials are required to immediately cease questioning, however, interrogation may resume after the passage of a significant period of time and after the giving of fresh warnings. The Mosley court held that a delay of two hours constituted a reasonable lapse of time. The subsequent interrogation in Mosley concerned a different crime than that of the initial interrogation. Nevertheless, Mosley has been discussed and applied in cases such as ours where the second interrogation pertained to the same crime. See, e.g., Spradley v. State, 442 So.2d 1039 (Fla. 2d DCA 1983); United States v. Bosby, 675 F.2d 1174 (11th Cir.1982). The critical question is whether a suspect's right to end an interrogation was "scrupulously honored." Mosley, 423 U.S. at 104, 96 S.Ct. at 326, 46 L.Ed.2d at 313.
We hold that the trial court erred in suppressing the statements made to Roxburgh. Appellee's initial assertion of his right to remain silent was "scrupulously honored." Approximately one hour and forty minutes had elapsed from the time appellee initially invoked his right to remain silent to the time of the questioning by Roxburgh. During this time, appellee made voluntary statements to Horne. Prior to questioning appellee, Roxburgh obtained a signed voluntary and knowing waiver of rights. These circumstances establish that the statements to Roxburgh were voluntary and that the trial court improperly granted appellee's motion as to these statements. The fact that Roxburgh and appellee were former colleagues and friends does not vitiate the valid waiver of appellee's right to remain silent. See Halliwell v. State, 323 So.2d 557 (Fla. 1975).
We affirm the suppression of statements made by appellee at the police station. These statements were elicited by police officers after appellee had invoked his right to counsel and consulted with an attorney. Appellee was not informed of nor did he waive his right to have his attorney present during this interrogation. Cf. Waterhouse v. State, 429 So.2d 301 (Fla. 1983).
REVERSED IN PART, AFFIRMED IN PART, and REMANDED for further proceedings.
SCHEB, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The state's brief also addresses a separate order suppressing physical evidence. We lack jurisdiction to review this order.