716 P.2d 1049

**The STATE of Arizona, Appellee,**

v.

**Edward P. MORGAN, Appellant.**

**No. 2 CA–CR 3993.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 15, 1986.

Review Denied March 25, 1986.

Robert K. Corbin, The Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Charles L. Weninger, Tucson, for appellant.

## OPINION

LACAGNINA, Judge.

Appellant was found guilty by a jury of one court of theft of property valued over $1,000, and he admitted a prior conviction. He was sentenced to a presumptive 7.5-year term of imprisonment.

In the sole issue raised on appeal, appellant contends that the trial court erred in failing to suppress statements made by him while in custody. The offense involved the theft of a delivery truck in Tucson. On the day following the theft, appellant was stopped while driving the truck in West Covina, California by police investigating a domestic disturbance complaint. After observing that the truck had no license plates, the arresting officer ran a check on the truck's vehicle identification number and learned that the truck had been stolen. He then arrested appellant and his passenger, advised them of their *Miranda* rights, and was told by appellant that he did not want to make any statements. Appellant was transported to the West Covina jail, where the arresting officer advised the detective in charge of auto theft, by telephone, of the arrest.

At the hearing on the motion to suppress, the detective testified that he came to the station several hours later, advised appellant of his *Miranda* rights, and asked appellant whether he understood them. When appellant responded affirmatively, he then asked if appellant wanted to talk to him, to which appellant also responded affirmatively. The detective then asked appellant if he knew that he was charged with grand theft auto, to which appellant responded that the truck was not stolen, that he had gotten it from his boss named Jim. After subsequent questioning, appellant was unable to provide Jim's last name or his place of employment. After eight or nine minutes of questioning, appellant again exercised his right to remain silent, and the detective ceased his interrogation.

Appellant first argues that the detective's interrogation at the police station, after appellant had previously refused to

waive his *Miranda* rights upon his initial arrest, violated his rights under *Miranda* and *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). In *Mosley,* the Court upheld the admissibility of statements resulting from a second interrogation where a significant period of time had passed between questionings, the defendant was readvised of his *Miranda* rights, and the questioning pertained to a crime which had not been the subject of the previous interrogation, concluding that the admissibility of statements obtained after a person in custody has decided to remain silent depends upon whether his right to cut off interrogation has been "scrupulously honored." 423 U.S. at 104–106, 96 S.Ct. at 326–327.

■ Our supreme court has similarly held that an accused who has chosen to remain silent may not be further interrogated on either the same or related subjects. *State v. Allen,* 140 Ariz. 412, 682 P.2d 417 (1984). In *Allen,* however, the interrogation on the related subject (prior assault on defendant by murder victim) followed immediately upon his refusal to answer questions pertaining to the murder. There was no intervening period of time, nor was the defendant readvised of his rights. The instant case is factually more similar to *Mosley,* the obvious difference being that both interrogations focused on the same subject. The courts have held this difference not to be of critical significance, reasoning that the focus of the court's inquiry must be whether the object of the second interrogation is to wear down the defendant's resistance to interrogation. *Jackson v. Wyrick,* 730 F.2d 1177 (8th Cir.), *cert. denied,* 469 U.S. 849, 105 S.Ct. 167, 83 L.Ed.2d 102 (1984); United States v. Finch, 557 F.2d 1234 (8th Cir.), cert. denied, 434 U.S. 927 (1977). While the fact that the subject of the second interrogation is the same as that of the first may support a conclusion that the continued questioning has a coercive purpose, such a conclusion is not mandatory.

■ In the present case, the record shows that the initial interrogation ceased immediately upon the appellant's invocation of his right to remain silent. According to the testimony of the two police officers, there was little discussion during their telephone conversation concerning the case, and neither officer had any recollection that the detective was advised by the arresting officer that the appellant had received his *Miranda* warnings and had refused to answer questions. The interrogation by the detective did not begin until two or three hours after the initial arrest, commenced with an appropriate rewarning, and did not enter upon any subject of substance until appellant indicated that he wanted to talk. We find no basis for concluding that the object of the second interrogation was to wear down the appellant's resistance to questioning, and therefore hold that the trial court properly denied the motion to suppress on that basis.

■ Appellant argues that *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), also precludes admissibility of appellant's statements, on the ground that the detective's interrogation of the passenger in a cell adjacent to appellant's immediately prior to his questioning of appellant was conduct reasonably likely to elicit an incriminating response. This argument is frivolous. The record establishes that, although appellant knew that a conversation was occurring, it was impossible to understand what was being said. Were we to adopt appellant's reasoning, it would be impermissible for police ever to question one suspect prior to questioning another, based on the premise that such conduct is *per se* improperly coercive. Such a result is neither required nor intended by *Innis.*

We have reviewed the entire record for fundamental error and have found none. The judgment of conviction and sentence are affirmed.

LIVERMORE, P.J., and HOWARD, J., concur.