520 So.2d 303 (1988)
The STATE of Florida, Appellant,
v.
Oliver Wendall BELCHER, Appellee.
No. 87-7.
District Court of Appeal of Florida, Third District.
February 2, 1988.
Rehearing Denied March 17, 1988.
Robert A. Butterworth, Atty. Gen., and Margarita M. Febres, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Marti Rothenberg and Harvey J. Sepler, Asst. Public Defenders, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
PER CURIAM.
The State appeals from an order granting the defendant's motion to suppress his confession.
Ann DeMuro and Charles Woods were robbed and murdered as they opened a builders' supply company in the early morning of January 30, 1985. Oliver Belcher, a former employee of the company, was taken into custody three days later at 12:30 a.m. and charged with the murders. At approximately 1:55 a.m., Detective Conley approached Belcher in the interview room and informed him of the *304 charges and read him his Miranda rights. Stating that he understood his rights and was willing to speak without an attorney present, Belcher signed a rights waiver form. In response to questioning, the defendant admitted that he had taken a car belonging to one of the murder victims, but denied that he had committed the murders. Conley continued to question Belcher until 4:50 a.m., at which time the defendant said to Conley "I don't want to talk to you any more." Conley stopped questioning the defendant and left the room.
A short time later Conley placed a telephone call to another detective on the case, Blocker. Conley informed Blocker that the police had arrested Belcher and that Belcher denied any involvement in the murders and no longer wanted to talk to him. When Blocker arrived at the police station at approximately 6:00 a.m., the defendant was still sitting in the interview room. Blocker entered the interview room, introduced himself to the defendant, and told the defendant that he wanted to hear his side of the story. At no time did Blocker reinform the defendant of his Miranda rights. The defendant responded that he wanted to think about it and would like to be left alone. Blocker left the room for five minutes. He then returned to the interview room and again asked the defendant if he wanted to talk to him. The defendant replied, "Just get your pad and pencil," and then gave a confession.
Prior to trial, the defendant moved to suppress his confession on grounds that the police had violated his Miranda rights and his privilege against self-incrimination. At the suppression hearing Detective Blocker testified that it was his impression that, when the defendant told Conley that he no longer wanted to talk, the defendant intended that statement to apply only to Conley, and not to other police officers. Blocker admitted, however, that he never asked the defendant to clarify the statement. The trial court granted the defendant's motion to suppress the confession, ruling that once the defendant had exercised his option to remain silent, his right to terminate questioning was not scrupulously honored.
The State contends that the trial court erred in concluding that the defendant's rights were not scrupulously honored, and argues that the confession is admissible because it was obtained pursuant to reasonable police conduct. We disagree and affirm.
In Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), the Supreme Court held that the admissibility of statements obtained after a suspect has cut off questioning depends on whether the suspect's "right to cut off questioning" was "scrupulously honored." Id. at 104, 96 S.Ct. at 326, 46 L.Ed.2d at 321. The critical factors in a determination whether a suspect's rights were scrupulously honored include: (1) whether the police ceased the interrogation immediately upon defendant's request; (2) whether the questioning was resumed only after a significant amount of time had passed; (3) whether fresh Miranda warnings were provided; and (4) whether the later questioning was restricted to a crime that had not been the subject of the initial interrogation for which the right to silence had been invoked. Mosley.
In this case, Detective Conley stopped the interview when Belcher exercised his right to cut off questioning. However, the other factors set forth in Mosley support the trial court's conclusion that the defendant's right to cut off questioning was not scrupulously honored.
After the defendant had invoked his right to silence, the police continued to detain him in the interrogation room. The first detective placed a telephone call to a second detective who arrived at the station house and attempted to renew questioning after a passage of time approximating an hour. When the defendant asked the second detective to leave him alone to allow him time to think things over, the detective merely stepped outside the interview room for five minutes. Although the Supreme Court did not define in Mosley what constitutes a "significant period of time," some courts have found periods of time ranging from minutes to several hours to be insufficient under the Mosley standard. United *305 States v. Clayton, 407 F. Supp. 204, 206 (E.D.Wis. 1976) (fifty minutes insufficient even where defendant was given new Miranda rights and signed waiver); United States v. Olof, 527 F.2d 752 (9th Cir.1975) (three hours insufficient despite new warnings where police sought to wear down defendant). Other courts have found periods of time ranging from less than an hour to several hours to be sufficient where the defendant was given fresh Miranda warnings and the defendant waived his rights. McNickles v. State, 505 So.2d 633 (Fla. 4th DCA) (forty-five minutes sufficient where new warnings were given and defendant waived his rights), rev. denied, 515 So.2d 230 (Fla. 1987); State v. Isaac, 465 So.2d 1384 (Fla. 2d DCA 1985) (one hour and forty minutes sufficient where defendant was advised of rights and waived them). Here, however, Detective Blocker neither advised Belcher of his rights when he first attempted to question him nor informed him of his rights when the questioning resumed five minutes later.
Although requestioning a defendant about the same crime following an invocation of the right to silence is not alone determinative of whether the invocation was scrupulously honored, Jackson v. Wyrick, 730 F.2d 1177, 1180 (8th Cir.) cert. denied, 469 U.S. 849, 105 S.Ct. 167, 83 L.Ed.2d 102 (1984), it is a significant factor in determining whether the right to cut off questioning was respected and, when coupled with a short passage of time and a failure to give fresh warnings, has been held fatal. United States v. Lopez-Diaz 630 F.2d 661, 664 (9th Cir.1980); United States v. Hernandez, 574 F.2d 1362, 1369 (5th Cir.1978).
The record supports the trial court's ruling that the defendant's right to cut off questioning was not scrupulously honored. A trial court's ruling on a motion to suppress has a presumption of correctness, and where the record supports the trial court's ruling, it is impermissible for the district court to substitute its judgment for that of the fact-finder. Wasko v. State, 505 So.2d 1314, 1316 (Fla. 1987); DeConingh v. State, 433 So.2d 501 (Fla. 1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984).
Affirmed.