544 So.2d 1114 (1989)
Gregory WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2870.
District Court of Appeal of Florida, Third District.
June 13, 1989.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before BARKDULL, JORGENSON and GERSTEN, JJ.
*1115 PER CURIAM.
Gregory Williams appeals a judgment of conviction for second degree murder. He contends that his confession to the police, given while he was in the hospital recovering from surgery for self-inflicted wounds, cannot be characterized as free and voluntary and should have been suppressed by the trial court. We disagree.
The order on Williams's motion to suppress his statements details the circumstances surrounding the confession and reflects ample evidentiary support for the trial court's conclusion that Williams knowingly and intelligently waived his Miranda rights. State v. Isaac, 465 So.2d 1384 (Fla. 2d DCA 1985). While the state's single reference during closing argument to the tears of the victim's parents was an improper appeal to the sympathy of the jury, Macias v. State, 447 So.2d 1020 (Fla. 3d DCA 1984), the isolated comment does not rise to the level of reversible error. See Erwin v. State, 532 So.2d 724 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 1333 (Fla. 1989).
Affirmed.