559 So.2d 392 (1990)
Jesus RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-831.
District Court of Appeal of Florida, Third District.
April 10, 1990.
Bennett H. Brummer, Public Defender, and Lawrence J. Stein, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before HUBBART, COPE and LEVY, JJ.
PER CURIAM.
This is an appeal by the defendant Jesus Rodriguez from a final judgment of conviction and sentence for second-degree murder based on an adverse jury verdict. The defendant raises two points on appeal which, we conclude, do not present reversible error.
First, the trial court did not, as urged, commit reversible error in denying *393 the defendant's motion to suppress his statements to the police as having been obtained in violation of his rights guaranteed by the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution as interpreted by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); and State v. Belcher, 520 So.2d 303 (Fla. 3d DCA), rev. denied, 529 So.2d 695 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988). We reach this result because, contrary to the defendant's argument, the defendant voluntarily waived his rights and at no time either (a) refused to answer any police questions concerning the criminal homicide then under investigation or (b) otherwise asserted his right to remain silent. Detective Alvarez asked the defendant, "Are you willing to answer my questions?" after properly advising the defendant of his Miranda rights  to which the defendant replied: "Yes, but I really don't have anything to say"; at no time, according to police testimony, did the defendant state that he did not wish to speak to the police. In context, the defendant's above-stated response meant nothing more than that the defendant was willing to answer police questions, but had no real knowledge about the case. This being so, the statement subsequently obtained from the defendant, after he changed his mind concerning his lack of knowledge and divulged his version of the shooting incident under investigation, was properly admitted in evidence. Walton v. State, 481 So.2d 1197 (Fla. 1985), cert. denied, ___ U.S. ___, 110 S.Ct. 759, 107 L.Ed.2d 775 (1990).
Second, the trial court did not, as urged, commit reversible error in denying the defendant's motion for judgment of acquittal. The defendant's version of the shooting incident was soundly refuted by the circumstantial evidence adduced by the state, as well as by various other statements made by the defendant to the police. No pool stick was seen near the deceased, although the defendant claimed the deceased was in the process of attacking him with such a stick when the defendant shot the deceased; moreover, the defendant had no marks or bruises on his arm, forearm, or neck area, where he claimed to have been hit by the deceased during the alleged attack with a pool stick. When told that the deceased had died, the defendant stated to the police: "[G]ood, he deserved it[;] he was messing with me about this girl"; he also told the police he "didn't know" why he had shot the deceased. The jury was therefore privileged to find that the defendant shot the deceased with a depraved mind and not in self defense, and, accordingly, was guilty of second-degree murder. Cochran v. State, 547 So.2d 928 (Fla. 1989); Toole v. State, 472 So.2d 1174 (Fla. 1985).
For the above reasons, the final judgment of conviction and sentence under review is, in all respects,
Affirmed.