POLEN, Judge.
Johnny Thomas appeals his conviction of robbery and the lower court’s imposition of adult sanctions and costs against him. We affirm the conviction, but reverse and remand as to his sentence and the imposition of costs.
Thomas was charged with robbery after the victim identified him from a photographic lineup as the person who had struggled with her and stolen a necklace from her neck. During trial, Thomas’ mother testified on her son’s behalf. She said that on the afternoon the crime occurred, she had taken her son to a fast food restaurant and returned home to eat lunch. She also said that Thomas left home after lunch, saying that he was going to Pleasant City to fish with some friends. The defense rested, and the state called the arresting officer, Mark Anderson, as a rebuttal witness.
Anderson testified that he went to Thomas’ home and read Thomas his Miranda rights. He then testified:
Q. [By Prosecutor]: What then sir, did you ask of the Defendant?
A. [By Anderson]: First, I probably told him, rather than asked him, I said that he had been positively identified in a crime. I explained what the allegations were against him, and I told him the date and time that the crime occurred. And I asked him if he had anything to say about it. He told me that he did not do it and told me that he had been in a separate part of the city at the time this happened.
[[Image here]]
Q. Tell the jury what he actually said?
A. He told me that at the date and time that this robbery occurred that he was in Pleasant City with some friends. I asked him if he could give me the names of the friends and he was unable to verify the names. He wasn’t able to give me the names of who he was with. I was unable to verify he was in Pleasant City at the time.
Appellant asserts that this testimony constituted an impermissible comment on his right to remain silent as guaranteed by the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution. We disagree. After appellant was advised of his Miranda rights, he responded to Anderson’s questions. There is no indication from the testimony adduced at trial that appellant attempted to invoke his right to remain silent. Rather, the objected to testimony includes appellant’s exculpatory statements given after Miranda warnings. We do not view Anderson’s statement that Thomas was unable to verify the names of his friends, as a statement of Thomas’ attempt to invoke a right to remain silent. See Rodriguez v. State, 559 So.2d 392 (Fla. 5th DCA 1990). Therefore, Anderson’s testimony was admissible.
Further, the prosecutor’s comment during closing argument that “[n]o matter how good the State’s case is, defense always wants us to prove something else,” was not so prejudicial as to constitute reversible error. Simpson v. State, 352 So.2d 125 (Fla. 1st DCA 1977).
We reverse appellant's sentence because the trial court failed to make written findings regarding all six criteria of section 39.111(7)(d), Florida Statutes (1987), prior to imposing adult sanctions against Thomas. Hammonds v. State, 543 So.2d 337 *395 (Fla. 4th DCA 1989); Martin v. State 547 So.2d 998 (Fla. 1st DCA 1989).
Lastly, the trial court erred in imposing costs against appellant, an indigent, without giving the appellant notice and a full opportunity to object. Jenkins v. State, 444 So.2d 947 (Fla.1984); Beasley v. State, 565 So.2d 721 (Fla. 4th DCA 1990).
Appellant’s conviction is affirmed. His sentence and the imposition of costs are reversed and remanded.
ANSTEAD and DELL, JJ., concur.