GERSTEN, Judge.
Appellant, George Vega, appeals his convictions for first degree murder, robbery with a deadly weapon, and burglary of an occupied dwelling with an assault, while armed with a deadly weapon. We affirm.
On appeal, appellant contends that the trial court erred in admitting his confession because the signed taped statement was obtained under coercive circumstances, and because he was not properly advised of his Miranda rights. However, there is no record support for appellant’s contentions.
Appellant voluntarily agreed to accompany the officers to the interview room in the police station, where he was immediately advised of his Miranda rights. Appellant signed a rights waiver form acknowledging that he understood his rights, and agreed to answer questions without the presence of an attorney. Thereafter, appellant made a taped statement admitting that he and his friends had beat the victim to death.
This case can easily be decided based upon one of the many eases authored by the late James C. Adkins,[1] former circuit judge for the Eighth Circuit and former Chief Justice of the Florida Supreme Court. Justice Adkins’ opinions covered the full spectrum of Florida law. His keen insight and brilliant legal mind, as delivered through his opinions and books, left indelible footprints on Florida’s legal terrain. Those who were lucky enough to have personally known him, will remember his fidelity to friendship. He was a gentleman and a man of empathy whom we admired, respected and loved. Though his passing through this life was brief, his impact will last indefinitely. He shall remain the judicial gold standard for all judges to follow.
A trial court’s ruling denying a motion to suppress a confession is clothed with a presumption of correctness, and a reviewing court should defer to the trial court’s authority as factfinder. See Wasko v. State, 505 So.2d 1314 (Fla.1987); DeConingh v. State, 433 So.2d 501 (Fla.1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984); Jones v. State, 440 So.2d 570 (Fla.1983). In the words of Justice Adkins, “this ‘presumption of correctness’ has not been eroded by appellant’s argument,” and “[t]he record is in accord with the trial court’s finding that appellant’s statement was freely and voluntarily given.” Jones v. State, 440 So.2d at 573, 574.
Finding that the appellant’s remaining points on appeal lack merit, and in accord with the legal principles established by Justice Adkins, we affirm the sentence and conviction below. See Garcia v. State, 492 So.2d *173 360 (Fla.), cert. denied, 479 U.S. 1022, 107 S.Ct. 680, 93 L.Ed.2d 730 (1986); Clark v. State, 363 So.2d 331 (Fla.1978); Rodriguez v. State, 559 So.2d 392 (Fla. 3d DCA 1990); State v. Prieto, 439 So.2d 288 (Fla. 3d DCA 1983), review denied, 450 So.2d 488 (Fla.1984).
Affirmed.

. James C. "Jimmy” Adkins (1915-1994). Goodbye, our dear friend.