UNITED STATES of America, Appellee,

v.

Erin Dale HOUSE, Appellant.

No. 91–1070.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1991.

Decided July 30, 1991.

Joel C. Golden, Minneapolis, Minn., for appellant.

Christopher J. Bebel, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, RONEY *, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

RONEY, Senior Circuit Judge:

Appellant, Erin Dale House, challenges his conviction for possession with intent to distribute cocaine on several grounds: (1) incriminating statements were taken from him and admitted at trial despite a violation of his *Miranda* rights; (2) the district court erred in admitting evidence of prior criminal conduct under Rule 404(b); (3) the district court improperly refused to give certain instructions; and (4) the increased penalty imposed for the possession or sale of *cocaine base* as opposed to *cocaine powder* is constitutionally unjustifiable. None of these arguments have merit. We affirm.

On June 29, 1990, at approximately 2:30 a.m., an officer of the Brooklyn Center, Minnesota police department noticed a vehicle responding suspiciously to the sight of his patrol car. When the car failed to signal a lane change, the officer decided to pull the vehicle over. After coming to a stop on the side of the road, the defendant emerged from the driver's side of the car. When the officer asked to see a license, the defendant indicated that he did not have an automobile license. At this point, the officer decided to place the defendant under arrest for driving a motor vehicle without a license. When he attempted to put the defendant into the back of the patrol car, the defendant pushed the officer away and began to flee. The defendant was apprehended shortly thereafter and an inventory search of his vehicle revealed $1,000 in cash, as well as slightly over 100 grams of cocaine base. He was found guilty of one count of possession with intent to distribute. 21 U.S.C. § 841(a)(1).

---

* The HONORABLE PAUL H. RONEY, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

### (1) Miranda Violation

Once the officers succeeded in capturing defendant after his attempted escape, they read him his *Miranda* rights and asked if he would be willing to answer some questions. The defendant indicated that he did not wish to speak with them at that time and all further inquiries ceased.

The next morning, nearly nine hours after his initial confrontation with police, an agent of the Bureau of Alcohol, Tobacco, and Firearms interviewed the defendant at the Brooklyn Center Police Station. The defendant was again given his rights. At the request of the agent, defendant signed a form stating that he understood the nature of these privileges, but did not sign that portion of the form that stated he waived his rights to remain silent and to an attorney. Instead he threw down the pen and stated sarcastically, "one signature is enough for you." Despite his unwillingness to sign the written waiver form, the defendant proceeded to answer questions posed by the agent and ultimately made numerous damaging admissions. The statements were admitted at trial, the district court denying his motion to suppress. Defendant claims the admission was error.

■ In *Michigan v. Mosley*, 423 U.S. 96, 106, 96 S.Ct. 321, 327, 46 L.Ed.2d 313 (1975), the Supreme Court indicated that an invocation of one's right to silence did not mean that questioning could never be resumed. The Court relied on three factors in determining that continued questioning after an initial refusal to answer questions was appropriate: (1) there was an immediate cessation of questioning upon defendant's request; (2) a "significant amount of time" had passed since the last session and a new set of warnings was given; and (3) the second interrogation involved inquiries concerning a separate crime.

■ In applying these three factors in *Mosley* to the present case, it is clear that no violation of the defendant's Fifth Amendment rights occurred. First, upon the defendant's initial invocation of his right to remain silent, all questions immediately ceased. Second, the defendant was not interrogated again until noon the next day, a significant amount of time thus passing between sessions. As to the final factor, this Court has previously held that a second interrogation is not rendered unconstitutional simply because it involves the same subject matter discussed during the first interview. *Jackson v. Wyrick*, 730 F.2d 1177, 1180 (8th Cir.), *cert. denied*, 469 U.S. 849, 105 S.Ct. 167, 83 L.Ed.2d 102 (1984) (unless police wear down defendant by repeatedly questioning on same subject after invocation of rights, no violation of *Miranda* to reinterrogate); *United States v. Finch*, 557 F.2d 1234 (8th Cir.), (as long as new *Miranda* warnings are given and initial request to remain silent is scrupulously honored, statements from subsequent interrogations on same subject are admissible), *cert. denied*, 434 U.S. 927, 98 S.Ct. 409, 54 L.Ed.2d 285 (1977).

■ Defendant's refusal to sign the waiver portion of the form given to him during the second interview does not alter the analysis. In *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979), the Supreme Court rejected the suggestion that a defendant must explicitly waive *Miranda* rights before a confession is admissable. In that case, like this one, the defendant declined to sign the waiver form but proceeded to answer questions presented by the officers. The court in *Butler* emphasized that questions concerning waiver are not susceptible to *per se* rules but must be reviewed based on the circumstances surrounding the interrogation. In this case, the defendant's refusal to sign a waiver form was not the equivalent of a statement indicating that he did not wish to answer questions. *See United States v. McKinney*, 758 F.2d 1036, 1044 (5th Cir.1985) (citing cases and holding that failure to sign waiver is not invocation of rights). Moreover, waiver may be inferred from the fact that the defendant responded to questions posed by the interviewer after being advised of his rights. *Butler*, 441 U.S. at 373, 99 S.Ct. at 1757 (although silence does not constitute waiver, silence coupled with an understanding of rights and a course of conduct suggesting waiver may be enough to prove waiver). *Martin*

*v. United States,* 691 F.2d 1235, 1239 (8th Cir.1982) (waiver may be inferred from circumstances), *cert. denied,* 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983). As a result, the statements defendant made were properly admitted against him.

### (2) Rule 404(b) Evidence of Prior Convictions

■ After the defendant took the stand and denied any knowledge of the drugs found in the car he was driving, the Government called a rebuttal witness who testified that he watched the defendant sell crack cocaine on a daily basis for at least a month prior to defendant's arrest. Defendant acknowledges that this evidence was relevant to the issues of knowledge and intent which are listed under Rule 404(b) as exceptions to the prohibition on the introduction of past criminal conduct, but maintains that such evidence was so highly prejudicial that it should have been excluded under Rule 403.

■ Evidentiary questions are left to the sound discretion of the trial judge. The district court determined that the evidence provided by the rebuttal witness went to the issues of knowledge and consent and that it was more probative than prejudicial. This decision was within the discretion permitted the trial judge. *See United States v. Yerks,* 918 F.2d 1371, 1373 (8th Cir.1990) (allowing in evidence of past criminal conduct to show intent to distribute); *United States v. Richardson,* 477 F.2d 1280, 1282 (8th Cir.), *cert. denied,* 414 U.S. 843, 94 S.Ct. 104, 38 L.Ed.2d 82 (1973) (same). Although the defendant also raises an objection to the instruction given to the jury on the proper weight to be given to the witness' testimony, the instruction mirrored the standard jury instructions of which we approved in *United States v. Felix,* 867 F.2d 1068, 1075 (8th Cir.1989).

■ The Government's disclosure of the rebuttal witness one day prior to trial did not result in any unfair surprise. Criminal defendants in non-capital cases are not entitled to pretrial disclosure of witnesses. *United States v. Estabrook,* 774 F.2d 284, 290 (8th Cir.1985).

### (3) Refusal to Give Requested Jury Instructions

■ The district court's refusal to give three requested jury instructions is reviewed only for an abuse of discretion. *United States v. Sleet,* 893 F.2d 947, 949 (8th Cir.1990).

■ First, the trial court was not required to give defendant's requested instruction that proof regarding the amount of cocaine involved was a necessary element of the offense. *See United States v. Luster,* 896 F.2d 1122, 1126 n. 2 (8th Cir. 1990) (trial court erred in giving instructions requiring Government to prove precise amount of controlled substance charged in indictment). The Government need not prove the exact weight of the cocaine beyond a reasonable doubt, because conviction under 21 U.S.C. § 841(a) is not dependent on the amount of controlled substance involved. The amount is relevant only to sentencing. *United States v. Padilla,* 869 F.2d 372, 380–81 (8th Cir.), *cert. denied,* 492 U.S. 909, 109 S.Ct. 3223, 106 L.Ed.2d 572 (1989).

■ Second, the trial judge properly refused defendant's requested instruction concerning the voluntariness of his confession. Defendant's proposed instruction stated that "if the evidence in this case leaves the jury with a reasonable doubt as to whether a statement was voluntarily made, then the jury should disregard it entirely." Instead, the judge told the jury that they should consider all the circumstances surrounding the statements and give them such weight as they felt appropriate. Title 18, Section 3501(a) governs the admission of confessions and it states that the court "shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances." Once the court makes a preliminary determination that the confession is voluntary, then the only requirement is that the defendant be allowed to place the statements in context. The instruction given by the court strictly followed the statutory command and properly conveyed the

applicable law. *See United States v. Nash,* 910 F.2d 749, 756–57 (11th Cir.1990) § 3501(a) does not require instruction informing jury to disregard an involuntary confession).

 Third, defendant proposed an instruction related to his theory of defense which suggested that to obtain a conviction the Government must prove more than mere presence in the car containing the drugs. In light of the court's instruction requiring the jury to find that the defendant possessed cocaine knowingly, this instruction was unnecessary. The instruction given was an accurate statement of the law and did not interfere with the defendant's ability to present his theory of defense.

### (4) Constitutionality of Sentence

Defendant claims that 21 U.S.C. § 841(b)(1)(A)(iii) is unconstitutionally vague, violates principles of equal protection, and constitutes cruel and unusual punishment.

First, the term "cocaine base" is not so vague that it does not provide sufficient notice to individuals that the conduct they are engaging in is subject to criminal penalties. Several courts have held that despite the lack of an exacting definition of cocaine base in the statute, the term provides adequate notice to individuals and sufficiently limits governmental discretion so that it survives a constitutional attack premised on the void for vagueness doctrine. *See United States v. Van Hawkins,* 899 F.2d 852 (9th Cir.1990); *United States v. Brown,* 859 F.2d 974, 976 (D.C.Cir.1988).

Second, the statute does not impermissibly differentiate between individuals convicted of offenses involving cocaine base and those involving cocaine in other forms by providing higher penalties for those trafficking in cocaine base. The statute does not discriminate on the basis of race nor does it affect a fundamental right. *United States v. Solomon,* 848 F.2d 156, 157 (11th Cir.1988). Accordingly, the distinction between penalties need only be rationally related to a legitimate governmental objective. In *United States v. Buckner,* 894 F.2d 975, 980 (8th Cir.1990), this Court addressed a similar substantive due process challenge to this statute and held that the heavier penalties for cocaine base are "rationally related to Congress's objective of protecting the public welfare." There is no basis for reaching a different conclusion under the equal protection clause. Defendant's claims of racial discrimination inherent within the statute also cannot be sustained.

Third, defendant suggests that the enormous difference between the sentence he received and the sentence he would have received had the substance merely been cocaine powder constitutes cruel and unusual punishment. The Supreme Court has indicated that in non-capital cases "successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem v. Helm,* 463 U.S. 277, 289–90, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). We have previously held that the sentence imposed for trafficking in cocaine base is not one of these exceedingly rare cases. *Buckner,* 894 F.2d at 980–81.

AFFIRMED.