968 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Felton Anthony WIGGINS, a/k/a Bart, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Eric Elijah MICKENS, a/k/a E-man, Defendant-Appellant.
 Nos. 91-5122, 91-5123.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 20, 1992
Decided: July 27, 1992
 
 James S. Ellenson, Newport News, Virginia; Bryan L. Saunders, Newport News, Virginia, for Appellants.
 Richard Cullen, United States Attorney, Robert B. Wilson, V, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Felton Anthony Wiggins and Eric Elijah Mickens challenge their convictions for narcotics and firearms violations.[1] Wiggins was a cocaine and crack distributor. Mickens assisted in drug debt collection and procurement of firearms. Wiggins appeals claiming his rights to a speedy trial and due process were violated. Mickens challenges the sufficiency of the evidence supporting two of his convictions. Finding the claims to be without merit, we affirm.
 
 
 2
 Wiggins first claims that his right to a speedy trial under 18 U.S.C. § 3161(b) (1988) was violated. The Speedy Trial Act provides that an information or indictment charging an offense must be filed within thirty days of the arrest of the individual. In United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982), this Court held that only a federal arrest commences the running of the thirty day period.
 
 
 3
 Wiggins argues that his arrest by state officials was in effect a federal arrest for purposes of the Speedy Trial Act. He bases this argument on a police report filed at the time of his arrest by state authorities. The report may be read to suggest that the state officials believed that all charges would be tried in federal court. This belief on the part of state officials cannot convert a state arrest into a federal arrest for purposes of the Speedy Trial Act. See United States v. Iaquinta, 674 F.2d at 269.
 
 
 4
 Wiggins next argues that no rational basis exists for treating one gram of crack the same as one hundred grams of cocaine for sentencing purposes. The sentencing guidelines provide for a 100:1 ratio of cocaine to crack for determination of base offense level; that is, a defendant possessing one hundred times the amount of cocaine as crack receives the same base offense level. United States Sentencing Commission, Guidelines Manual, § 2D1.1(c) (Nov. 1990).
 
 
 5
 We agree with the circuits which have addressed the question and found the guidelines' mandate constitutional. See, e.g., United States v. Lawrence, 951 F.2d 751, 755 (7th Cir. 1991) (different penalties for crack and cocaine evince rational purpose); United States v. Johnson, 944 F.2d 396, 404 n.7 (8th Cir. 1991) (due process not violated by 100:1 ratio), cert. denied, 60 U.S.L.W. 3404 (U.S. 1991); United States v. Pickett, 941 F.2d 411 (6th Cir. 1991) (100:1 ratio does not violate due process or Eighth Amendment prohibition against cruel and unusual punishment); United States v. House, 939 F.2d 659 (8th Cir. 1991) (100:1 ratio not violative of equal protection); United States v. Buckner, 894 F.2d 975, 980 (8th Cir. 1990) (no due process violation when heavier penalties for crack imposed). Wiggins's claim has no merit.
 
 
 6
 Mickens challenges two convictions on the grounds of insufficient evidence. The relevant question upon such a challenge is whether "viewing the evidence in the light most favorable to the government any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).
 
 
 7
 Sufficient evidence supported Mickens's conviction for use of a firearm in violation of 18 U.S.C.A. § 924(c)(1). Pierce, a gunshot victim, testified that Mickens shot him because Pierce owed money to a drug trafficker. The debt was incurred when Mickens fronted Pierce cocaine which, rather than selling, he consumed. Pierce was then unable to pay for the cocaine. Mickens shot Pierce to force him to repay the debt. There was sufficient evidence to show that the firearm was used in a drug transaction. See United States v. Brown, 915 F.2d 219, 224 (6th Cir. 1990) (government must show some relationship between firearm and drug trafficking offense).
 
 
 8
 Finally, there was sufficient evidence to sustain Mickens's conviction for conspiracy in violation of 21 U.S.C. § 846. The evidence submitted included the testimony of two witnesses that Mickens collected or assisted in the collection of drug debts owed to Wiggins. Additional testimony revealed that Mickens accompanied Wiggins to purchase firearms. The claim is meritless.[2]
 
 
 9
 Accordingly, we affirm the convictions of the Defendants.
 
 AFFIRMED
 
 
 [1]
 Wiggins was convicted of one count of conspiracy and attempt to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1988), eight counts of possession of a firearm by a convicted felon in violation of 18 U.S.C.A. §§ 922(g)(1) & (3) & 924 (West 1976 & Supp. 1992), two counts of distributing a narcotic substance in violation of 21 U.S.C. § 841(a)(1) & (b) (West 1981 & Supp. 1992), one count of possession with intent to distribute a narcotic substance in violation of 21 U.S.C.A. § 841(a)(1) & (b), and one count of use of a firearm in relation to drug trafficking in violation of 18 U.S.C.A. § 924(c)
 Mickens was convicted of one count of conspiracy and attempt to distribute narcotics in violation of 21 U.S.C. §§ 846 & 841(a)(1), one count of possession of a firearm by a convicted felon in violation of 18 U.S.C.A. §§ 922(g)(1) & 924, and two counts of use of a firearm in relation to drug trafficking in violation of 18 U.S.C.A. § 924(c).
 
 
 [2]
 Wiggins moved for leave to file a supplemental brief. We grant the motion. Having reviewed his brief, we find his claims to be without merit