977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick REED, Defendant-Appellant.
 No. 91-4090.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1992.
 
 Before BOYCE F. MARTIN and SILER, Circuit Judges, and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 Frederick Reed appeals his sentence for the sale and distribution of crack cocaine. Reed argues that his sentence violates the Equal Protection Clause by unfairly and arbitrarily discriminating against blacks, who are more often convicted for crack cocaine offenses than non-blacks. Under the federal sentencing guidelines, much higher sentences are meted out for crack cocaine offenses as opposed to cocaine powder offenses, even when both offenses involve equivalent amounts of drugs. We affirm.
 
 
 2
 Reed, along with several other defendants, was indicted for various charges related to the sale and distribution of crack cocaine. Thereafter, Reed pled guilty to a single count of distribution of more than fifty grams of crack cocaine. Reed, who was sentenced to nine years imprisonment and five years probation, received a downward departure from the statutorily-mandated minimum sentence of ten years imprisonment. On appeal Reed argues that disparate sentences for cocaine base offenses as opposed to cocaine powder offenses unfairly discriminates against blacks on the basis of their race. Under 21 U.S.C. § 841, one gram of crack cocaine is treated as the equivalent of one hundred grams of cocaine powder. See also United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1991).
 
 
 3
 We recently addressed this question in United States v. Williams, 962 F.2d 1218, 1227-28 (6th Cir.1992). In keeping with every circuit that has addressed this issue, we held that the 100 to 1 ratio in sentencing does not violate the equal protection standards of the Fifth Amendment. Id. See also United States v. Watson, 953 F.2d 895, 897-98 (5th Cir.1992); United States v. Galloway, 951 F.2d 64, 65-66 (5th Cir.1992); United States v. Lawrence, 951 F.2d 751, 753-56 (7th Cir.1991); United States v. House, 939 F.2d 659, 664 (8th Cir.1991); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990); United States v. Cyrus, 890 F.2d 1245, 1248 (D.C.Cir.1989); and United States v. Sullivan, 848 F.2d 156, 157 (11th Cir.1988). We found that Congress aptly considered the unique attributes of crack cocaine as opposed to cocaine power when devising the disparate sentencing structure. Williams, 962 F.2d at 1227. Accordingly, we affirm.
 
 
 4
 CLELAND, District Judge, concurring.
 
 
 5
 Although I agree with the conclusion reached, I am unpersuaded by the majority's reliance on the recent panel decision in United States v. Williams, 962 F.2d 1218 (6th Cir.1992) for that result. I write to concur, respectfully, in the result only and to address certain case distinctions and various issues not discussed in the majority opinion.
 
 
 6
 As noted by the majority, Williams held that the 100 to 1 ratio in sentencing does not violate the equal protection standards of the Fifth Amendment. Several aspects of this appeal, however, distinguish it from Williams. Firstly, while the appellant in Williams challenged the statute on Fifth Amendment grounds, the appellant here brings his appeal based upon the equal protection clause of the Fourteenth Amendment. The Fourteenth Amendment, of course, applies only to the operation of state laws. Because the allegedly unconstitutional statute at the core of this appeal is a federal statute, I would find that appellant has not properly stated a basis for his appeal. Indeed, we have rejected a similar claim out of hand in United States v. Avant, 907 F.2d 623, 627 (6th Cir.1990), where the appellant relied on the 14th Amendment to challenge this statute.[1]
 
 
 7
 Secondly, in his appeal, Williams argued that the statute was arbitrary and capricious. The appellant here argues that statute unconstitutionally discriminates against blacks. As discussed below, a statute subject to a rational basis review cannot be upheld if it indeed is arbitrary and capricious. Although not entirely clear, the Court in Williams apparently addressed a challenge to the statute based upon a rational basis standard while appellant here argues for a strict scrutiny standard.
 
 
 8
 Even if the Court were to waive the pleading defect (Fourteenth Amendment/Fifth Amendment) and consider the appeal as if it had alleged a violation of the Fifth Amendment, appellant's arguments would not persuade me that the statute violates constitutional standards.
 
 
 9
 Generally, when a court reviews claims that legislative action unconstitutionally discriminates, it reviews the statute under either a "rational basis" or a "strict scrutiny" standard. Governmental action that intentionally discriminates against racial or ethnic minorities is suspect and subject to strict scrutiny. Under this standard of review, a statute will be upheld only if it is narrowly tailored to promote a compelling governmental interest. Korematsu v. United States, 323 U.S. 214 (1944). Under a rational basis review, the statute will be struck down if the challenger establishes that it is wholly arbitrary and capricious and that no reasonable state of facts can be conceived to justify it. See, U.S. Railroad Retirement Board v. Fritz, 449 U.S. 166 (1980). Here, appellant argues for invocation of the former, contending that the differences in punishments mandated by the statute are improperly based upon racial considerations.
 
 
 10
 Appellant's argument for strict scrutiny review must be rejected because he has failed to establish the predicates for review under such a standard. Firstly, there is no evidence properly before the Court that application of the statute impermissibly impacts suspect racial classes. Secondly, even if appellant were able to establish that a form of "disparate impact" results from operation of the statute, his claim would fail for he has presented insufficient evidence of a discriminatory intent in passing the sections cited.[2] Appellant's minimal citations to the Congressional Record are inadequate and fail to trigger a strict scrutiny review of the statute.
 
 
 11
 Accordingly, I would find, as does the majority, that a rational basis standard of review applies. Because appellant has not shown that the statute is wholly arbitrary and capricious, the appeal should be dismissed and the district court's sentence AFFIRMED.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan sitting by designation
 
 
 [1]
 Appellant's claims rather should have been brought, as Williams did, under the equal protection component of the Due Process Clause of the Fifth Amendment. See, Washington v. Davis, 426 U.S. 229, 239 (1976) ("It is also true that the Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups.")
 
 
 [2]
 "[E]ven if a neutral law has a disproportionately adverse effect upon a racial minority, it is unconstitutional under the Equal Protection clause only if that impact can be traced to a discriminatory purpose." Personnel Adm'r v. Feeney, 442 U.S. 256, 272 (1979)