977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Thomas RICHARDSON, Appellant.
 No. 92-2156MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 12, 1992.
Filed: October 15, 1992.
 
 Before FAGG, Circuit Judge, LAY Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Thomas Richardson appeals his convictions and sentences for possession with intent to distribute cocaine and cocaine base. See 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(C) (1988). We affirm.
 
 
 2
 At Richardson's jury trial, Richardson testified he did not know there was crack cocaine in a paper bag he delivered to a government witness. Over Richardson's objection, a government witness testified he regularly bought crack cocaine from Richardson between 1989 and the time of Richardson's arrest. The district court admitted this testimony under Federal Rule of Evidence 404(b) and gave the jury a limiting instruction on the testimony's use.
 
 
 3
 Richardson contends the district court should have excluded this testimony because it was unfairly prejudicial. See Fed. R. Evid. 403. After carefully reviewing the record, we conclude the district court did not abuse its "broad discretion in determining whether the probative value of other crimes evidence is outweighed by its prejudicial impact." United States v. Nabors, 761 F.2d 465, 471 (8th Cir.), cert. denied, 474 U.S. 851 (1985). We reject Richardson's related contention that the testimony unfairly surprised him because the Government did not disclose the evidence until three days before trial.
 
 
 4
 Richardson, a black man, also contends 21 U.S.C. § 841(b)(1)(A) violates equal protection because it discriminates on the basis of race. Section 841(b)(1)(A) imposes the same minimum sentence for offenses involving 50 grams or more of cocaine base as offenses involving 5000 grams or more of other cocaine mixtures. Although Richardson concedes this court has already rejected this contention, see United States v. House, 939 F.2d 659, 664 (8th Cir. 1991), Richardson contends we should reconsider the statute's constitutionality in light of State v. Russell, 477 N.W.2d 886 (Minn. 1991) (holding Minnesota enhanced penalty statute for cocaine base offenses violates the equal protection clause of the Minnesota Constitution). We have already considered Russell and declined to follow it. See United States v. Lattimore, No. 91-3454, 1992 WL 210671, at * 4 (8th Cir. Sept. 3, 1992); United States v. Willis, 967 F.2d 1220, 1225-26 (8th Cir. 1992); United States v. Simmons, 964 F.2d 763, 767 (8th Cir. 1992).
 
 
 5
 We thus affirm the district court.