60 F.3d 831
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Craig NICHOLS, Appellant.
United States of America, Appellee,
v.
Antonio Denard Cook, Appellant.
United States of America, Appellee,
v.
Otis Dale Lumpkin, Appellant.
United States of America, Appellee,
v.
Ricardo R. Sanchez, Appellant.
 Nos. 94-3932, 95-1257, 95-1259, 95-1261.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 5, 1995.
Filed: July 12, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Craig Nichols, Antonio Denard Cook, Otis Dale Lumpkin, and Ricardo R. Sanchez appeal the sentences the district court[1] imposed on them after they pleaded guilty to distributing cocaine and cocaine base. We affirm.
 
 
 2
 For reversal, defendants argue that the 100-to-1 ratio between penalties for cocaine base and powder cocaine has no basis in scientific reality, is void for vagueness, violates the rule of lenity, and violates their equal protection rights. We have repeatedly rejected constitutional challenges to the 100-to-1 sentencing ratio. See United States v. Thompson, 51 F.3d 122, 127 (8th Cir. 1995); United States v. Clary, 34 F.3d 709, 712-14 (8th Cir. 1994) (no equal protection violation), cert. denied, 115 S. Ct. 1172 (1995); United States v. House, 939 F.2d 659, 664 (8th Cir. 1991) (concluding term "cocaine base" is not void for vagueness and provides adequate notice to individuals). Defendants have not sufficiently developed the record below to permit consideration of their remaining arguments.
 
 
 3
 In addition, Nichols argues the district court erred in imposing a two-level enhancement pursuant to U.S.S.G. Sec. 2D1.1(b)(1). "We will reverse a district court's finding that a defendant possessed a firearm during the commission of a drug offense only for clear error." United States v. Maxwell, 25 F.3d 1389, 1399 (8th Cir.), cert. denied, 115 S. Ct. 610 (1994). Here, Nichols's three loaded firearms were found in the bedroom of his home along with about $3000 cash; two scales-one with a powder residue-and baggies were found in the kitchen. We find no clear error and deny as moot the government's motion to supplement the record.
 
 
 4
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The defendants were sentenced by the Honorable George F. Gunn, Jr., the Honorable Charles A. Shaw, and the Honorable Carol E. Jackson, United States District Judges for the Eastern District of Missouri