# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3714

_____

United States of America,          *
                                    *

    Plaintiff - Appellee,      *

                                    *   Appeal from the United States

v.                        *   District Court for the

                                    *   Western District of Missouri.

Dameon D. Williams,       *

                                    *      **[UNPUBLISHED]**

    Defendant - Appellant.    *

_____

Submitted:  February 10, 2004
Filed:  June 9, 2004

_____

Before LOKEN, Chief Judge, BOWMAN and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

After a two-day trial, a jury convicted Dameon D. Williams of possessing with intent to distribute 500 grams or more of cocaine. Williams appeals, arguing that the evidence was insufficient and that the district court[1] erred in refusing to give a requested "mere presence" instruction. We affirm.

_____

[1]The HONORABLE HOWARD F. SACHS, United States District Judge for the Western District of Missouri.

In summarizing the trial evidence, we view the evidence and the inferences to be drawn from that evidence in the light most favorable to the jury's verdict. See United States v. King, 351 F.3d 859, 862 (8th Cir. 2003).

Acting on an informant's report of cocaine trafficking, Kansas City Police Detective Don Stanze watched the house at 7218 Olive on the morning of November 26, 2002. Stanze saw Williams leave the house with a black trash bag, drive a short distance, and leave the trash bag on the curb between two houses on 72nd Street, where trash would be collected later that day. Stanze retrieved the trash and found several discarded "Food Savor" plastic bags. Traces of white powder in the bags field-tested positive for cocaine. Stanze obtained a warrant to search 7218 Olive.

Later that day, Williams again left the house and was arrested a short time later. The police then executed the search warrant. In the kitchen, they found a Food Savor bag containing 929.16 grams of cocaine in the broiler of an unplugged stove, a Food Savor heat-sealer and several bags on top of the refrigerator, and more bags in a second stove. In the bedroom, they found handgun ammunition, a bulletproof vest, and documents bearing Williams's name. A fingerprint found on the bag containing the cocaine matched a set of Williams's fingerprints. No fingerprint was obtained from the Food Savor bags in the trash bag.

The house at 7218 Olive was rented by Williams's cousin, Tom Goode, in May 2001. Williams moved in that summer and began paying the rent and utilities. The room where ammunition and Williams's documents were found was the only bedroom. No evidence suggested that anyone else was living at 7218 Olive at the time of the warrant search.

Williams testified that 7218 Olive was his principal residence in November 2002 but that Goode had access. Williams explained that he took the trash bag to another location because trash had been collected on Olive earlier that day. He

denied selling cocaine, knowing cocaine was kept in the house, or ever seeing Goode possess or sell cocaine. He testified that he had used the heat-sealer to store food in the Food Savor bags and surmised that he could have left a fingerprint on the bag in which cocaine was found while removing other bags from the package.

After careful review of the trial record, we conclude that the evidence, particularly Williams's handling of the trash and his fingerprint on the bag that contained cocaine, was sufficient to convict him beyond a reasonable doubt of possessing with intent to distribute more than 500 grams of cocaine.

Williams further argues that he was entitled to the requested mere presence instruction because he was never observed possessing the cocaine and because Tom Goode leased the house where the cocaine was found and had continuing access to the house. The district court declined to give the instruction, explaining that it "doesn't fit the facts because [Williams] did more than just being present." The court further noted that the jury would be instructed that it must find Williams guilty of either actual or constructive possession, as defined, and defense counsel could argue from that instruction "that it was somebody else and [Williams] was just there at the wrong time and so forth." We agree with the court's ruling. Williams was not merely present. There was no one present at his home when the cocaine was discovered, but Williams was observed a few hours earlier removing trash that contained cocaine residue. Thus, as in United States v. House, 939 F.2d 659, 664 (8th Cir. 1991), there was no abuse of discretion in declining to give a mere presence instruction because "[t]he instruction given was an accurate statement of the law and did not interfere with the defendant's ability to present his theory of defense."

The judgment of the district court is affirmed.

_____