**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Deon Patrick SOLOMON,**
**Defendant–Appellant.**

**No. 87–5890**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 27, 1988.

Theodore J. Sakowitz, Federal Public Defender, Dave Lee Brannon, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., William T. Shockley, Linda Collins Hertz, Andrea Simonton, Chris McAiley, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Deon Solomon pled guilty to one count of possession of at least five grams of a substance containing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court was required by 21 U.S.C. § 841(b)(1)(B)(iii) to sentence Solomon to imprisonment for not less than five years, followed by a term of supervised release for not less than four years. The district court imposed the minimum sentence permitted by the statute.

■ Solomon argues on appeal that the statutory minimum sentence violates the fifth and eighth amendments. We reject these arguments under the authority of *United States v. Holmes*, 838 F.2d 1175 (11th Cir.1988). In *Holmes*, a panel of this court rejected identical constitutional challenges to 21 U.S.C. § 841(b)(1)(B)(ii), which requires a term of imprisonment of not less than five years for the possession with intent to distribute of 500 grams or more of cocaine. As to the eighth amendment claim, the *Holmes* panel concluded that the sentences authorized by section 841(b)(1)(B)(ii) were not disproportionate to the gravity of the offense. Although this case involves a conviction for possession of cocaine base rather than cocaine, we do not find this case distinguishable from *Holmes* in any relevant fashion. We therefore hold that a prison term of five years followed by four years of supervised release for the possession with intent to distribute of at least five grams of a substance containing cocaine base does not violate the eighth amendment.

■ Nor does the statutory minimum violate the fifth amendment guarantees of due process and equal protection. Heightened scrutiny is inapplicable because the statute does not discriminate on the basis of a suspect classification or the exercise of a fundamental right. *See United States v. Holmes*, 838 F.2d at 1177. Congress could rationally have concluded that the possession with intent to distribute of a fairly large quantity of cocaine base, a dangerous controlled substance, posed a particularly great risk to the welfare of society warranting heavy sentences, regardless of the individual offender's particular position in a drug operation's hierarchy. Furthermore, as the *Holmes* panel explained, the district court has wide discretion to sentence a defendant within a range above the statutory minimum and may take into account factors such as the role of a particular offender.

■ Finally, the classification of punishment by quantity of contraband without

consideration of purity does not violate due process. Congress could have concluded that individuals who possess large quantities of mixtures containing detectable amounts of cocaine base that has been mixed with other substances and thereby multiplied for sale to others should be punished more severely than those who deal in smaller quantities of purer compounds. "Our responsibility is not to determine whether this was the correct judgment or whether it best accomplishes Congressional objectives; rather, our responsibility is only to determine whether Congress' judgment was rational." *United States v. Holmes*, 838 F.2d at 1178. We believe that Congress' decision was rational.

AFFIRMED.