[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14085
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00213-CR-ORL-31-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODD EDGAR WARTHEN,
a.k.a. Trick,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 16, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Todd Edgar Warthen appeals his 120-month sentence for conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii), 846. Warthen argues that while we have previously ruled that the mandatory minimum penalties in § 841 do not violate the Eighth Amendment, Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) has provided new guidance on this point. He contends that by applying a mandatory minimum sentence, the district court was forced to impose a sentence greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a) and created an unwarranted sentencing disparity. He asserts that his two codefendants received lower sentences despite being convicted of the same charge.

We review the constitutionality of statutes de novo. United States v. Reynolds, 215 F.3d 1210, 1212 (11th Cir. 2000). "[A] district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." United States v. Castaing-Sosa, 530 F.3d 1358, 1360-61 (11th Cir. 2008). "The district court remains bound by statutes designating mandatory minimum sentences even after the remedial holding of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)." Id. at 1362. We have

2

rejected an argument that the disproportionality of sentences for crack and powder cocaine violates the Eighth Amendment. See United States v. Brazel, 102 F.3d 1120, 1158 (11th Cir. 1997) (rejecting Eighth Amendment argument about disparity without discussion as meritless). Similarly, we have held that a statutory minimum sentence for possession of crack cocaine does not violate the Eighth Amendment. United States v. Solomon, 848 F.2d 156, 157 (11th Cir. 1988). In Kimbrough, the Supreme Court held that a district court did not abuse its discretion when it departed below the recommended guidelines range on account of the § 3553(a) factors because of the disparity created by the 100-1 ratio between crack and powder cocaine. 552 U.S. at _____, 128 S.Ct. at 575-76.

The district court did not err by refusing to sentence Warthen below the mandatory minimum because neither the disparity between crack and powder cocaine sentences nor the application of the statutory minimum itself violate the Eighth Amendment. Furthermore, Kimbrough addressed using the disparity to sentence below the recommended guideline range and did not call into question our prior precedent on the constitutionality of the statutory mandatory minimum sentencing scheme. Accordingly, the district court lacked the authority to sentence Warthen below the statutory minimum absent a U.S.S.G. § 5K1.1 motion.

**AFFIRMED.**