[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14862
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00037-CR-5-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RALPH DEWAYNE MCNEIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 23, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Ralph Dewayne McNeil appeals his 10-year mandatory minimum sentence

for distributing over five grams of a mixture or substance containing cocaine base ("crack cocaine") under 21 U.S.C. § 841(b)(1)(B)(iii). On appeal, McNeil concedes that we have upheld the constitutionality of the crack cocaine mandatory minimum sentencing statute. However, he argues that the sentencing disparity between crack cocaine and powder cocaine is unconstitutional because: (1) Congress hastily passed the pertinent statutes without careful consideration; (2) the Sentencing Commission has found that the crack cocaine and powder cocaine sentencing disparity was unwarranted; (3) a number of federal district court judges have expressed disapproval of the disparity; (4) the Department of Justice has issued a directive stating its view that the disparity should be eliminated; and (5) Congress is currently considering amending the pertinent statutes to eliminate the disparity. McNeil adds that the mandatory minimum statute for crack cocaine violates his Fifth Amendment equal protection rights because its enactment was racially motivated, and it disproportionately affects minorities. McNeil argues that the statute also violates the Eighth Amendment's bar to cruel and unusual punishment because real world data does support Congress's decision to create a disparity between crack and powder cocaine offenses.

We normally review constitutional challenges to a sentencing statute *de novo*. *United States v. Cantellano*, 430 F.3d 1142, 1144 (11th Cir. 2005) (per

curiam) (citation omitted). However, if an issue is raised for the first time on appeal, we will review that issue solely for plain error. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam). McNeil challenges the constitutionality of 21 U.S.C. § 841(b)(1)(B)(iii) for the first time on appeal; therefore, we review for plain error.

Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. *Id.* (citation omitted). When these three factors are met, we may then exercise our discretion and correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993) (alteration in original) (citation and quotation omitted). Review for plain error requires an error to be clear or obvious. *United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007) (citation omitted). We are bound to follow our prior binding precedent "unless and until it is overruled by this [C]ourt en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) (citation and quotation omitted).

Under 21 U.S.C. § 841(b)(1)(B)(iii), a defendant who is convicted of distributing at least five grams of a mixture or substance containing crack cocaine must be sentenced to at least 5-years' imprisonment. This mandatory minimum

3

sentence is increased to 10-years' imprisonment if the defendant has at least one prior conviction for a felony drug offense. *Id.* Here, McNeil admitted to two prior convictions for felony drug offenses.

In *United States v. Solomon*, we found that the mandatory minimum sentencing provisions of 21 U.S.C. § 841(b)(1)(B)(iii) did not violate the cruel and unusual punishment clause of the Eighth Amendment or the due process and equal protection provisions of the Fifth Amendment. 848 F.2d 156, 157 (11th Cir. 1988) (per curiam). Further, we held in *United States v. Hanna* that the sentencing disparity between crack cocaine and powder cocaine does not violate a defendant's substantive due process or equal protection rights. 153 F.3d 1286, 1288–89 (11th Cir. 1998) (per curiam). Additionally, McNeil's arguments about the recent developments concerning the crack cocaine and powder cocaine sentencing disparity are misplaced because Congress has not actually amended the pertinent statutes. *See* 21 U.S.C. § 841(b)(1)(B)(iii).

McNeil's argument that his statutory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii) plainly violates the cruel and unusual punishment provision of the Eighth Amendment and the equal protection provision of the Fifth Amendment is foreclosed by our decisions in *Solomon* and *Hanna*. Because this Court has previously upheld 21 U.S.C. § 841(b)(1)(B)(iii) against the type of constitutional

4

challenges that McNeil raises on appeal, any error that the district court may have made in sentencing McNeil to the statutory minimum was not plain. Accordingly, upon review of the record, and after consideration of the parties' briefs, we affirm.

**AFFIRMED.**