[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 16, 2010
JOHN LEY
CLERK

No. 10-10342
Non-Argument Calendar

_____

D.C. Docket No. 5:08-cr-00022-WTH-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJO CRUZ-MEJIAS,
a.k.a. Alejo Cruz Mejias,
a.k.a. Alejo Cruz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 16, 2010)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Alejo Cruz-Mejias appeals his 60-month sentence, which was the

statutory mandatory minimum sentence, imposed for manufacturing and possessing with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii). On appeal, Cruz-Mejias argues that his sentence violates the Equal Protection Clause, the Due Process Clause, and the Eighth Amendment's prohibition against cruel and unusual punishment. However, because Cruz-Mejias did not raise these arguments before the district court, we review them for plain error. *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005). Under plain-error review, a defendant must prove that there is: (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.* at 1271. If all three of these conditions are met, we can "rectify the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

## I.

First, Cruz-Mejias argues that § 841(b)(1)'s minimum mandatory sentencing scheme that allows for a downward departure only for those defendants who are able to provide substantial assistance violates the Equal Protection Clause of the U.S. Constitution. Specifically, Cruz-Mejias asserts that limiting a downward departure to only those defendants who can provide substantial assistance is not rationally related to the 18 U.S.C. § 3553(a) factors and that it is illogical to say

that a first time nonviolent offender, such as himself, cannot receive a downward departure.

We have acknowledged that the Supreme Court has established "that the Due Process Clause of the Fifth Amendment impliedly imposes the same obligations on the federal government as does the Equal Protection Clause on the states . . . ." *United States v. Houston*, 456 F.3d 1328, 1335 n.5 (11th Cir. 2006). Accordingly, "any alleged violations of those obligations are analyzed in the same way as an alleged violation of the Equal Protection Clause by a state actor." *Id.* "The central mandate of the equal protection guarantee is that the sovereign may not draw distinctions between individuals based solely on differences that are irrelevant to a legitimate government objective." *Lofton v. Sec'y of Dep't of Children and Family Servs.*, 358 F.3d 804, 817 (11th Cir. 2004) (internal quotation marks and alteration omitted). Thus, the Equal Protection Clause "simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Id.* at 818 (internal quotation marks omitted). "Unless the challenged classification burdens a fundamental right or targets a suspect class, the Equal Protection Clause requires only that the classification be rationally related to a legitimate state interest." *Id.*

In *Musser*, we reviewed the defendants' equal protection challenge to

§ 841(b)(1)(B). *United States v. Musser*, 856 F.2d 1484 (11th Cir. 1988). There, the defendants argued that § 841's substantial-assistance provisions violated the equal protection component of the Fifth Amendment because defendants without sufficient knowledge could not receive downward departures for substantial assistance. *Id.* at 1486-87. Because § 841 "does not discriminate on the basis of race or a suspect class," we reviewed the statute for a rational basis. *Id.* at 1487. In rejecting the defendants' challenge, we stated:

> Congress' desire to ferret out drug kingpins is obviously served by encouraging those with information as to the identity of kingpins to disclose such information. Hence, there is a rational relationship between the statute and Congress' purpose. Moreover, all "minor" figures, are treated similarly by the statute, which belies any claim of unequal treatment.

*Id.*

Based on our review of the record, we conclude that Cruz-Mejias has not demonstrated that the district court plainly erred by failing to find that § 841(b)(1)'s mandatory minimum sentencing scheme violates the equal protection component of the Fifth Amendment. Accordingly, we affirm as to this issue.

## II.

Second, Cruz-Mejias argues that § 841(b)(1)'s mandatory minimum

sentencing structure violates the Fifth Amendment's Due Process Clause. Specifically, he asserts that the imposition of a mandatory minimum sentence without the availability to receive a downward departure deprived him of substantive due process.

After a person has been convicted of a crime, the sentencing court may impose whatever penalty is authorized by statute so long as the penalty is not cruel and unusual punishment "and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment." *Chapman v. United States*, 500 U.S. 453, 465, 111 S. Ct. 1919, 1927, 114 L. Ed. 2d 524 (1991). Overall, the Supreme Court has noted that arguments based on due process and equal protection essentially duplicate each other because the only review is usually whether Congress had a rational basis for choosing an offense's penalty. *Id.*; *see also Nebbia v. New York*, 291 U.S. 502, 537, 54 S. Ct. 505, 516, 78 L. Ed. 940 (1934) (holding that due process is not violated if the challenged law has "a reasonable relation to a proper legislative purpose" and is "neither arbitrary nor discriminatory"). Consequently, when reviewing both due process and equal protection challenges to a statute, we look to whether the statute has a rational basis. *See United States v. Solomon*, 848 F.2d 156, 157 (11th Cir. 1988); *United States v. Holmes*, 838 F.2d 1175, 1177-78 (11th Cir. 1988).

In *Holmes*, we rejected the defendant's due process challenge to § 841(b)(1)'s sentencing scheme. 838 F.2d at 1177-78. There, we held that § 841(b)(1)'s penalties "were rationally related to the [Anti-Drug Abuse Act of 1986's] objective of protecting the public health and welfare by implementing stiff and certain penalties for those who violate federal drug laws." *Id.* at 1177. Furthermore, in *Solomon*, we reiterated that in passing § 841(b)(1), Congress could have rationally concluded that a defendant's possession of a large amount of controlled substances "posed a particularly great risk to the welfare of society warranting heavy sentences . . . ." 848 F.2d at 157. Consequently, we held that, because of this rationale, § 841(b)(1)'s failure to account for other characteristics, such as an offender's particular position within a drug operation, was not irrational. *Id.*

Based on our review of the record, we conclude that Cruz-Mejias has not demonstrated that the district court plainly erred by failing to find that § 841(b)(1)'s mandatory minimum sentencing scheme violates the Due Process Clause of the Fifth Amendment. Accordingly, we affirm as to this issue.

## III.

Third, Cruz-Mejias argues that his 60-month sentence is disproportionate to his offense and constitutes cruel and unusual punishment in violation of the Eighth

Amendment.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Under our jurisprudence:

> a reviewing court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions.

*United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000). "Outside the context of capital punishment, there are few successful challenges to the proportionality of sentences . . . because we accord substantial deference to Congress, as it possesses broad authority to determine the types and limits of punishments for crimes." *United States v. Johnson*, 451 F.3d 1239, 1242-43 (11th Cir. 2006) (internal quotation marks omitted). Thus, "[i]n general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Id.* at 1243 (quotation omitted); *see also Harmelin v. Michigan*, 501 U.S. 957, 994-95, 111 S. Ct. 2680, 2701, 115 L. Ed. 2d 836 (1991) ("Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history."). Finally, we have rejected a defendant's claim that his

7

mandatory minimum sentence under § 841(b)(1)(B) violated the Eighth Amendment. *See Solomon*, 848 F.2d at 157; *Holmes*, 838 F.2d at 1178-79.

Based on our review of the record, we conclude that Cruz-Mejias has failed to demonstrate that the district court plainly erred by not finding that his 60-month sentence was cruel and unusual punishment in violation of the Eighth Amendment. Accordingly, we affirm as to this issue.

## Conclusion

For the aforementioned reasons, we affirm Cruz-Mejias's sentence.

**AFFIRMED.**