[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 20, 2011
JOHN LEY
CLERK

No. 10-11639
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00091-EAK-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILIP HARRIS BRADLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 20, 2011)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Philip Harris Bradley appeals his 262-month sentence imposed after he pleaded guilty to one count of distribution of 5 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Bradley's sentence was at the low end of the range recommended by the advisory guidelines, and Bradley does not contend that his range of 262–327 months was improperly calculated. Instead he raises three other arguments to this Court. First he contends that his sentence was both substantively and procedurally unreasonable. Procedurally, he argues that comments from the district court suggest it erroneously found that it could not vary from the guidelines range based on its disagreement with the career offender guideline, and that the court therefore failed to properly consider the sentencing factors in 18 U.S.C. § 3553(a). Substantively, he argues that his sentence was greater than necessary to achieve the purposes of sentencing. Second, he contends that the district court abused its discretion in denying his motion to continue the sentence hearing. Finally he seeks to preserve an objection he made in district court to the constitutionality of the mandatory minimum sentencing provisions for cocaine offenses in 21 U.S.C. § 841(b) (2006).

I.

A federal grand jury returned an indictment against Bradley and a codefendant in March 2009 for one count of distributing 5 grams or more of

cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The indictment alleged that Bradley had brokered the sale of 12.2 grams of crack cocaine from his codefendant to two undercover detectives. Bradley was not arraigned on that charge until September 2009, at which time he was serving a 3-year sentence with the Florida Department of Corrections for an unrelated drug offense. Shortly after the arraignment, the government filed an "Information and Notice of Prior Convictions," which under 21 U.S.C. §§ 851 and 841(b)(1)(B) (2006) increased Bradley's applicable mandatory minimum sentence from five years to ten and increased the potential maximum sentence from forty years to life imprisonment.

Bradley pleaded guilty to the single-count indictment in December 2009 without the benefit of any plea agreement. His presentence investigation report, which detailed his extensive criminal history, determined that Bradley should be classified as a career offender. That report calculated his total offense level at 34 and his criminal history category as VI, which resulted in an advisory guidelines range of 262–327 months.

Before the sentence hearing Bradley objected in part to the mandatory-minimum sentencing scheme in effect at that time, arguing that it violated the Fifth and Eighth Amendments by arbitrarily distinguishing between crack and powder

3

cocaine offenses. Additionally, approximately two weeks before his sentence hearing, he filed a motion to continue the hearing until the fall of 2010. Bradley argued that pending federal legislation—the proposed Fair Sentencing Act—would eliminate the sentencing disparity between crack and powder cocaine offenses. The court, however, denied that motion.

At the sentence hearing Bradley renewed the motion for continuance and also argued his objections to the PSR, including his constitutional challenges to the mandatory-minimum sentencing scheme. The court overruled Bradley's objections and again denied his motion for a continuance. In doing so, the court addressed the possibility that the sentencing scheme might be overturned legislatively:

> If that does happen, it will be handled the way we handled the last group of cases. It will be processed through the probation office through the U.S. Attorney's Office and through the assigned judge and the assigned judge's office in a very orderly, organized, and specific way so that we don't miss anybody who should be considered.

The court then adopted the findings in the PSR, including the calculations of Bradley's offense level, criminal history category, and guidelines range.

Defense counsel then addressed the 18 U.S.C. § 3553(a) factors, arguing that Bradley's lack of family support during childhood, early exposure to drug use,

4

and traumatic experiences in the foster care system, among other considerations, supported a sentence below the advisory guidelines range and at the statutory minimum term of ten years. The government argued instead for a sentence at the high end of the guidelines range, emphasizing Bradley's extensive criminal history and recent disciplinary troubles in state prison. The government also noted that 28 U.S.C. § 994(h) "mandates that the [Sentencing] [C]ommission assure that career offenders receive a sentence of imprisonment at or near the maximum term authorized."

In response Bradley pointed out that our decision in United States v. Vazquez, 558 F.3d 1224 (11th Cir. 2009), had been vacated and remanded by the Supreme Court after the Solicitor General had conceded error. See ___U.S.___, 130 S.Ct. 1135 (2010). In Vazquez we held that the district court had properly refused to consider its disagreement with the career offender guideline; Bradley argued that as a result of the Supreme Court's remand, the district court now had "authority" to disagree with the career offender guideline, and he asked the court to do just that.

The court denied Bradley's request for a variance and instead sentenced him to 262 months imprisonment. In doing so it acknowledged that his past had been "hanging around [his] neck." But the court also told Bradley that even if it were to

5

ignore the mistakes of his youth up to age 20, that in just the past ten years "you just keep pushing yourself, law enforcement, other people, you're still doing it even now."  The court continued:

> Here you are at 30 [years old] with the kind of record you have. I am going to give you the 262.  You should have more than that for your acting up in prison.
> But I'm trying to take a number of factors into consideration. 262, it's a lot.  You're 30 years of age, but you've got to pay a penalty for what you'[ve] done.  I can't give you the minimum 120.  I just cannot do it.  You're getting the 262.  That's as low as I can go.
> If things change in the law, we'll see what it is in the future.

Before formally pronouncing the sentence, the court expressly stated that it had reviewed "the presentence report, and advisory guidelines, pursuant to Title 18 United States Code Section 3551 and 3553, and the Sentencing Reform Act of 1984."  The court reiterated as much after it pronounced the sentence, stating that it had considered the "advisory sentencing guidelines" and "all of the factors identified in Title 18, United States Code, Section 3553(a)(1) through (7)" and found that "the sentence is sufficient but not greater than necessary to comply with the statutory purposes of sentencing."

## II.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard.  See Gall v. United States, 552 U.S. 38,

6

41, 128 S.Ct. 586, 591 (2007); United States v. Irey, 612 F.3d 1160, 1188–89

(11th Cir. 2010) (en banc). That review involves two steps. We first ensure that

the sentence was procedurally reasonable, meaning that the district court treated

the guidelines as advisory, properly calculated the guidelines range, considered the

§ 3553(a) factors, did not select a sentence based on clearly erroneous facts, and

adequately explained the chosen sentence. Gall, 552 U.S. at 51, 128 S.Ct. at 597.

After we determine that a sentence was procedurally sound, we must examine

whether the sentence was substantively reasonable in light of the record and the §

3553(a) factors. Id. at 51, 56, 128 S.Ct. at 597, 600. The party challenging the

sentence has the burden of establishing that the sentence was unreasonable. Irey,

612 F.3d at 1191 n.16; see also United States v. Talley, 431 F.3d 784, 788 (11th

Cir. 2005). "[W]hen the district court imposes a sentence within the advisory

Guidelines range, we ordinarily will expect that choice to be a reasonable one."

Talley, 431 F.3d at 788. But whatever the sentence, in reviewing its

reasonableness we must consider "the totality of the facts and circumstances," and

we will reverse "if, but only if, we are left with the definite and firm conviction

that the district court committed a clear error of judgment in weighing the §

3553(a) factors by arriving at a sentence that lies outside the range of reasonable

sentences dictated by the facts of the case." Irey, 612 F.3d at 1189, 1190 (quotation marks omitted).

Bradley's arguments contesting the procedural reasonableness of his sentence are not persuasive. He asserts that the court's statements "I can't give you the minimum 120" and "[t]hat's as low as I can go" imply that the court had erroneously determined it could not vary from the guidelines. But that argument rips the court's comments completely out of context. A review of the entire transcript makes very clear that those comments reflected only the court's intent to impose a significant sentence because of Bradley's criminal history, not an indication that the court believed it lacked authority to vary from the guidelines.

Bradley's argument about the court's comment "If things change in the law, we'll see what it is in the future" is similarly flawed. He suggests that comment shows that the district court "felt compelled to adhere to [our vacated panel decision in] Vazquez" and "mistakenly reasoned that it could not sentence Mr. Bradley outside the career offender guidelines range." Appellant's Br. at 16. In rejecting that argument, we need not address the implications of our vacated decision in Vazquez because the court's statement obviously had nothing to do with that case. Instead, the court's comment about a "change in the law" referred to arguments from earlier in the hearing which had focused on the Fair Sentencing

8

Act, whether the act might eliminate the crack/powder cocaine disparity, and whether the act would be made retroactive. The court explicitly and frequently referred to the guidelines range as advisory and at no point suggested that it would have varied from that range were it not constrained by our decision in Vazquez or its predecessor, United States v. Williams, 456 F.3d 1353 (11th Cir. 2006).[1]

The record makes clear that the court properly calculated the guidelines range, considered the § 3553(a) factors, and treated the guidelines range as advisory. Its denial of Bradley's request for a variance at the statutory minimum of ten years was based on the court's analysis of the § 3553(a) factors, not on the belief that it was bound by the career offender guideline range in § 4B1.1. The court committed no procedural error.

Bradley's sentence was also substantively reasonable. The court's 262-month sentence was at the lowest end of the guidelines range of 262–327 months, and we would ordinarily expect such a sentence to be reasonable. See Talley, 431 F.3d at 788. The total sentence was also well below the statutory maximum sentence of life imprisonment. See United States v. Gonzalez, 550 F.3d 1319,

---

[1]In Williams we remanded a defendant's case for resentencing, holding that the district court had relied on impermissible factors in its sentencing decision. Among those factors was the court's disagreement with the Congressional policy behind the career offender guidelines enhancement. 456 F.3d at 1369–72.

1324 (11th Cir. 2008) (concluding that a sentence was reasonable because, in part, it was well below the statutory maximum). Especially given Bradley's long and extensive criminal history, nothing from the facts and circumstances of this case leaves us with the "definite and firm conviction" that a sentence of 262 months was outside the range of reasonable sentences. See Irey, 612 F.3d at 1190.

### III.

Bradley next argues that the district court erred in denying his motion to continue the sentence hearing in light of the pending legislation that ultimately became the Fair Sentencing Act of 2010. See Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). He asserts that granting his motion would not have impeded the administration of justice since he was already serving a sentence in state prison until 2012.

Federal Rule of Criminal Procedure 32(b)(1) provides that district courts "must impose sentence without unnecessary delay." We review a district court's denial of a motion to continue sentencing only for abuse of discretion. United States v. Edouard, 485 F.3d 1324, 1350 (11th Cir. 2007). The appellant bears the burden of showing that the denial "produced specific substantial prejudice." Id.

In our recent decision United States v. Gomes, 621 F.3d 1343 (11th Cir. 2010) (per curiam), we made clear that the amendments in the Fair Sentencing Act

10

do not apply to crimes committed before the FSA was enacted in August 2010. <u>Id.</u> at 1346. We based our reasoning on the "Savings Statute" at 1 U.S.C. § 109, which states,

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

Because Bradley's crime was committed before the FSA became law, the amendments in that act do not apply to him. Bradley has therefore not suffered "substantial prejudice" as a result of the denial of his motion to continue sentencing, and we will not disturb the district court's ruling.

IV.

Bradley finally argues for purposes of preservation that the sentencing scheme for crack cocaine offenses in effect at the time of his hearing violated the Due Process and Equal Protection Clauses of the Fifth Amendment, as well as the Eighth Amendment's prohibition against cruel and unusual punishment.

We review <u>de novo</u> a defendant's preserved constitutional challenge to a statute. <u>United States v. Reynolds</u>, 215 F.3d 1210, 1212 (11th Cir. 2000). We are bound by prior panel decisions unless or until we overrule them en banc or they

11

are overruled by the Supreme Court.  See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).

We have repeatedly held that the sentencing disparity between crack cocaine and powder cocaine offenses that was created by the enactment of the now superceded version of § 841(b) did not violate the Equal Protection Clause, even though the sentencing scheme had a disparate impact.  See, e.g., United States v. Butler, 102 F.3d 1191, 1194–95 (11th Cir. 1997).  Similarly, we have rejected the claim that the resulting sentencing disparity was "arbitrary and capricious" in violation of due process.  United States v. Lawrence, 972 F.2d 1580, 1583 (11th Cir. 1992).

We have also rejected the argument that the disproportionality of sentences for crack and powder cocaine violates the Eighth Amendment.  See United States v. Brazel, 102 F.3d 1120, 1158 (11th Cir. 1997) (rejecting without discussion an Eighth Amendment argument about disparity as meritless).  And we have held that the former statutory minimum sentences for possession of crack cocaine did not violate the Eighth Amendment.  See United States v. Solomon, 848 F.2d 156, 157 (11th Cir. 1988).

In light of our precedent, and as Bradley himself concedes, his constitutional arguments regarding the superceded version of 21 U.S.C. § 841 are foreclosed.

**AFFIRMED.**