[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2011
JOHN LEY
CLERK

No. 10-14879
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00228-VMC-AEP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY CARPENTER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 21, 2011)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Jeffrey Carpenter appeals his 108-month sentence for conspiracy to

manufacture and distribute 5 grams or more of methamphetamine on a premises in

which minor children were present and resided, in violation of 21 U.S.C. §§ 846 and 860a.  The district court imposed a 60-month statutory mandatory minimum sentence for the drug offense, pursuant to 21 U.S.C. § 841(b)(1)(B), and a consecutive 48-month sentence for the § 860a penalty.  Carpenter argues that the 60-month mandatory minimum sentence violates his Fifth Amendment substantive due process rights and is therefore arbitrary in violation of the Eighth Amendment prohibition on cruel and unusual punishment.  Specifically, Carpenter argues that he has a fundamental right to receive a sentence below the statutory minimum and that a narrowly tailored sentencing scheme would allow, for instance, consideration of the 18 U.S.C. § 3553(a) factors.

A constitutional challenge to a sentence is typically reviewed *de novo*. *United States v. Lyons*, 403 F.3d 1248, 1250 (11th Cir. 2005).  The Fifth Amendment guarantee of due process of law includes a "substantive" component, which protects certain rights that are "implicit in the concept of ordered liberty." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quotation omitted).  Any infringement on a fundamental right must be narrowly tailored to serve a compelling government interest.  *Reno v. Flores*, 507 U.S. 292, 302, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1 (1993).  If a fundamental right is not implicated,

substantive due process requires only that the challenged government action rationally advance a legitimate government purpose. *Id*. at 306, 113 S.Ct. at 1449.

There is no fundamental right to receive a term of imprisonment below a mandatory minimum sentence. *Chapman v. United States*, 500 U.S. 453, 467, 111 S.Ct. 1919, 1928, 114 L.E.2d 524 (1991); *United States v. Castaing-Sosa*, 530 F.3d 1358, 1362 (11th Cir. 2008). Further, we have specifically held that the 60-month mandatory minimum sentence imposed pursuant to § 841(b)(1)(B) rationally advances the government's legitimate purpose in protecting public health and welfare. *United States v. Solomon*, 848 F.2d 156, 157 (11th Cir. 1988); *United States v. Holmes,* 838 F.2d 1175, 1177-78 (11th Cir. 1988).

In non-capital cases, the Eighth Amendment prohibition on cruel and unusual punishment encompasses "only a narrow proportionality principle." *United States v. Brant*, 62 F.3d 367, 368 (11th Cir. 1995). We have previously held that the § 841(b)(1)(B) mandatory minimum sentence is not disproportionate to the offense of drug trafficking. *Holmes,* 838 F.2d at 1178-79.

Carpenter's 60-month statutory mandatory minimum sentence under § 841(b)(1)(B) does not violate his substantive due process rights because Congress could rationally find that the manufacture and distribution of methamphetamine "posed a particularly great risk to the welfare of society."

3

*Solomon*, 848 F.2d at 157. The sentence is therefore not arbitrary, nor is it disproportionate to the offense of drug trafficking. *Holmes,* 838 F.2d at 1178-79. Accordingly, upon review of the record and consideration of the parties' briefs, we affirm.

    **AFFIRMED.**