[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13670
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00126-MSS-MAP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGG GERMAIN WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 9, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregg Germain Williams appeals his total 120-month sentence, the statutory mandatory minimum, after he was convicted of 1 count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846, 1 count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of § 841(a)(1), (b)(1)(A)(viii), and 2 counts of use of a communication device during the commission of a drug-related offense, in violation of 21 U.S.C. § 843(b). First, Williams argues that the district court abused its discretion in denying his motions to continue sentencing until November 2014, pending the passage of legislation that would have affected the penalties for his drug-related offenses. Next, Williams argues that his total 120-month mandatory minimum sentence violates the Due Process Clause of the Fifth Amendment. Finally, Williams argues that his total 120-month mandatory minimum sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.

## I.

We review a district court's denial of a motion to continue sentencing for abuse of discretion. *United States v. Lee*, 427 F.3d 881, 896 (11th Cir. 2005). In light of the circumstances presented, we must focus upon the reasons for the continuance offered to the trial court when the request was denied to determine whether the denial was proper. *United States v. Edouard*, 485 F.3d 1324, 1350

(11th Cir. 2007).  Fed.R.Crim.P. 32(b)(1) provides that "[t]he court must impose sentence without unnecessary delay."  Fed.R.Crim.P. 32(b)(1).  The defendant has the burden to demonstrate that "the denial was an abuse of discretion and that it produced specific substantial prejudice." *United States v. Smith*, 757 F.2d 1161, 1166 (11th Cir. 1985).

The district court did not abuse its discretion by failing to delay Williams's sentencing hearing until November 2014.  Williams failed to show that he suffered specific substantial prejudice from the court's denials of his motions to continue sentencing because the evidence suggests that both pieces of legislation, which he stated would have affected his sentence, remain pending.  In addition, he remained subject to the mandatory minimum sentence of ten years, regardless of whether he was sentenced under the November 1, 2013, Sentencing Guidelines or the November 1, 2014, Sentencing Guidelines.

## II.

Next, Williams argues that his total 120-month mandatory minimum sentence violates the Due Process Clause of the Fifth Amendment.   We review constitutional sentencing arguments *de novo*.  *United States v. Flores*, 572 F.3d 1254, 1268 (11th Cir. 2009).  The Supreme Court has found that a sentencing court may impose whatever penalty is authorized by statute so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the

Fifth Amendment. *Chapman v. United States*, 500 U.S. 453, 465, 111 S.Ct. 1919, 1927, 114 L.Ed.2d 524, 538 (1991). A sentence imposed by statute is not arbitrary when the statute has a rational basis. *See United States v. Solomon*, 848 F.2d 156, 157 (11th Cir. 1988) (analyzing the mandatory minimum for possession of cocaine with the intent to distribute, pursuant to § 841(b)(1)(B)(ii), under a rational basis standard because no suspect classification or fundamental right was at issue). In non-capital cases, "Congress has the power to define criminal punishments without giving the courts any sentencing discretion." *Chapman*, 500 U.S. at 467, 111 S.Ct. at 1928. Thus, the district court is bound by statutory mandatory minimum sentences. *United States v. Castaing-Sosa,* 530 F.3d 1358, 1362 (11th Cir. 2008). In addition, the general rule is that a defendant should be sentenced pursuant to the law in effect at the time of his sentencing. *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998).

Williams's due process argument fails because there is no evidence that his 120-month mandatory minimum sentence was based on an arbitrary distinction. In particular, he acknowledged at the time of his sentencing that the statutory mandatory minimum sentence was 10 years and that he qualified for this sentence, and all district courts were bound to apply the statutory mandatory minimum sentence, pursuant to § 841(a)(1), (b)(1)(A)(viii), in effect at the time of his sentencing.

4

Finally, Williams argues that his total 120-month mandatory minimum sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.  In evaluating an Eighth Amendment challenge in a non-capital case, we first make the threshold determination that the sentence imposed is grossly disproportionate to the offense committed.  *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006).  The defendant bears the burden of making this threshold showing.  *Id.*  In *Solem v. Helm*, 463 U.S. 277, 279-303, 103 S. Ct. 3001, 3004-17, 77 L.Ed.2d 637 (1983), the Supreme Court held that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted" and in determining whether a sentence is in violation of the Eighth Amendment, courts "should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."  The Supreme Court has recognized that, although the application of new sentencing minimums to offenders sentenced after new Sentencing Guidelines take effect will create sentencing disparities, "those disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences" and  such a disparity "cannot make a critical difference."  *Dorsey v. United States*, 567 U.S. __, __, 132 S.Ct. 2321, 2335, 183 L.Ed.2d 250 (2012).

Williams has failed to establish that the Eighth Amendment applies because he did not show that his sentence was grossly disproportionate to his methamphetamine offenses.   In addition, it did not make a critical difference that he could have been sentenced under different standards than a defendant in the same jurisdiction convicted of the same offense, who was sentenced at a later date, especially given that no legislation has passed that has changed the mandatory minimum sentence for methamphetamine offenses.  Accordingly, upon review of the record and the parties' briefs, we affirm.

**AFFIRMED.**